N. MORRIS, *et al.*, v. SIMON SHEW.

1. SUNDAY; *Illegal Service.* Service of an order of attachment upon Sunday is illegal and wrongful, and the defendant in the attachment proceedings may recover damages for such wrongful seizure.

2. EXEMPLARY DAMAGES, *When Justified.* If the seizure was malicious, and in pursuance of a conspiracy to detain the property within the jurisdiction of the court until Monday, and then seize it under an *alias* order of attachment, the jury will be justified in awarding exemplary damages.

3. JUDGMENT, *Not Modified.* Where, in answer to special questions the jury find three separate items and amounts of damage, and one of them depends on the question whether plaintiff was or was not a resident, and it is very doubtful whether under the testimony he could be considered a resident, and the court declines to render judgment for that amount, but decides to grant a new trial unless plaintiff elects to take judgment for only the other amounts, and the plaintiff so elects, *held,* that the judgment will not be modified in this court on the cross-petition in error of plaintiff by adding this disputed amount, and this notwithstanding there was some testimony tending to show that plaintiff was a resident.

*Error from Brown District Court.*

AT the January Term, 1882, of the district court, plaintiff *Shew* had judgment for $52 and costs against defendant *Morris* and another, who bring the case here. The nature of the action, and the facts, appear in *Blair v. Shew*, 24 Kas. 280, *et seq.*, and in the opinion, *infra.*

*James Falloon,* for plaintiffs in error.

*Webb & Martin, Lacock & May,* and *B. A. Seaver,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This case grows out of the same transactions as were presented to this court in the case of *Blair v. Shew,* 24 Kas. 280. The facts briefly stated are as follows: Morris and Wolfley held a claim against defendant in error. John Garvin also held a claim against him. On August 2, 1879, suits were commenced before a justice of the peace on

each of these claims, and in each suit a writ of attachment was issued. August 2d was Saturday. On Sunday, August 3d, the writ in one case was served by seizure of a span of horses and a wagon. Under this seizure the property was held until Monday, August 4th. On that day the writ levied upon the property was returned, and an *alias* writ issued. This *alias* writ, as well as the original writ in the other case, was on that day levied upon the property, and thereafter it was sold and the proceeds applied in satisfaction of these two claims. After the second seizure, (that on Monday, August 4th,) plaintiff commenced two actions, one in replevin to recover the property itself, and the other to recover damages for the wrongful seizure and detention on Sunday and thereafter. The replevin case was tried, and judgment rendered in favor of the plaintiff, which judgment was reversed (24 Kas., *supra*), this court holding that whatever might be said as to the seizure upon Sunday, the levy upon Monday was only voidable, and could be challenged only by direct proceedings to set aside the service. This second case came on for trial, and the jury, in answer to special questions, found the usable value of the property from Sunday to Monday was two dollars. They also allowed $50 as exemplary damages for the seizure and holding from Sunday to Monday, and still further found the damages for the wrongful detention from Monday to the time of trial to be $330. The court declined to enter judgment in favor of the plaintiff for the $330, but sustained the verdict as to the $52, and the plaintiff electing to take judgment for that sum, rendered judgment therefor. Both parties allege error.

The defendants object to the judgment of $52 against them, and the plaintiff insists that he should have judgment for the $330 additional. Considering first the questions raised by the defendants, now plaintiffs in error, we remark that the service of the attachment process upon Sunday was void. In the case in 24th Kansas, *supra*, we assumed, but did not decide, that such levy was void. We now hold that it was void. It is unnecessary to consider what conduct on the

part of defendant would have been equivalent to a waiver of the defect, for in this case nothing was done by him which in any manner tended to recognize its validity. On the contrary, all his actions were in direct challenge of its validity. In such case we have no hesitation in holding that the service was void; that the seizure of the property under the writ on that day was a trespass for which the plaintiff was entitled to recover damages, in the usable value of the property up to the time of the service of the other writ of attachment on Monday. At common law, service of civil process on Sunday was void. (Broom's Legal Maxims, 21; *Swan v. Broome*, 3 Burr. 1595; *Taylor v. Phillips*, 3 East, 155; *Sayles v. Smith*, 27 Am. Dec. 117; *Coleman v. Henderson*, Litt. [Ky.] Sel. Cas. 171; *Butter v. Kelsey*, 15 Johns. 177; *Strong v. Elliott*, 8 Cow. 27; *Shaw v. Dodge*, 5 N. H. 462; *Stern's Appeal*, 64 Pa. St. 447.) Our statutes may not, in terms, prohibit service on Sunday, yet they prohibit labor generally, (Comp. Laws 1879, p. 363, § 255,) and at least impliedly recognize the invalidity of such service. By § 681, code of civil procedure, the writ of *habeas corpus* is authorized to be served in case of emergency on Sunday. By § 2, ch. 90, Comp. Laws 1879, any person who knowingly serves any process issued from a justice's court in a civil suit on Saturday, or returnable on Saturday, upon a person whose religious faith is to keep Saturday as the Sabbath of rest, is declared guilty of a misdemeanor. These provisions impliedly recognize the continuance of the common-law rule of the invalidity of the service upon Sunday of ordinary civil process. (*Johnson v. Brown*, 13 Kas. 529; *Stone v. Bird*, 16 Kas. 488; *Birks v. French*, 21 Kas. 238.) The service of the attachment on Sunday being invalid, the seizure and the detention were wrongful, and the plaintiff is entitled to recover damages therefor. The court charged the jury that if they found that the levy thus made on Sunday was malicious, or for the purposes of oppression, that the jury were at liberty to allow exemplary damages. We think the law thus stated is correct, and the facts, as developed in the testimony, justified the

instruction. Obviously the parties knowingly and deliberately caused the attachment to be illegally served upon Sunday, for the purpose of holding the property within the jurisdiction of the court until, as they supposed, a perfectly legal process could be served on Monday. Parties who thus knowingly abuse the process of the court, and desecrate the day set apart for the day of rest, are justly liable to be mulcted in exemplary damages. The desecration of the Sabbath comes easy enough and often enough without prostituting the process of the court to that end; and we see no reason in this case to doubt the correctness of the law laid down by the court, or the justice of the verdict returned by the jury. There is no conflict in the decision of this case with the 24th Kansas, *supra.* The service of attachment on Monday, whether good or bad, void or voidable, did not affect the illegality of the seizure on Sunday, and though after Monday the plaintiff might not maintain replevin, the seizure on Monday being only voidable, as we held in that case, he was not estopped from recovering damages for the prior illegal seizure on Sunday.

This disposes of the case so far as the plaintiffs in error are concerned. So far as respects the cross-petition filed by the defendant in error, we may remark that having elected to take the judgment for $52, he is hardly in a position to complain of the refusal of the court to give him judgment for $330 more.

Again, his right to recover the $330 depended upon whether he was a resident of the state of Kansas upon Monday, and we think such residence under the testimony is so doubtful that notwithstanding the findings of the jury, we do not feel warranted in disturbing the ruling of the court thereon. It would be in effect reversing an order granting a new trial, which for reasons often stated is rarely done. Furthermore, there may be a question as to how far the decision of the replevin action is conclusive in this respect. We do not care, however, to pursue this inquiry. It is enough for us to say that the evidence of a residence acquired on Monday is so

uncertain and unsatisfactory, that we do not feel warranted in disturbing the action of the court in refusing to sustain the finding of the jury thereon.

There being no other question, the judgment will be affirmed.

All the Justices concurring.