## PAKAS v. STEEL BALL CO.

(City Court of New York, General Term. January 4, 1901.)

ATTACHMENT—NONRESIDENT—WRONGFUL LEVY—MOTION TO VACATE—NOTICE
 Where plaintiff caused a consignment of goods to be made to a third party by a nonresident on representations that plaintiff's relations with the nonresident were such that he could not deal directly with him, and then attached the goods when they came within the state, plaintiff could not be heard to complain of the insufficiency of a notice of a motion to vacate the levy.          .

Appeal from special term.

Action by Solomon L. Pakas against the Steel Ball Company. From an order granting a motion to vacate a levy under attachment, plaintiff appeals. Affirmed.

Argued before McCARTHY, CONLAN, and SCHUCHMAN, JJ.

Max D. Steuer, for appellant.
Campbell & Hance, for respondent.

PER CURIAM. This is an appeal from an order vacating a levy under an attachment against a nonresident defendant. The facts sufficiently appear in the opinion. An attachment has been granted against the defendant under the provisions of the Code of Civil Procedure applicable to nonresidents; but, in order to effect a levy, certain devices were practiced by the plaintiff to bring the property of the defendant within the state, which do not appear to have received the favorable consideration of the court at special term, nor are they likely to meet with the approval of the court upon appeal. The plaintiff not finding any property of the defendant within this jurisdiction which might be made to respond to his attachment, and without first disclosing the situation to a business associate, caused a consignment of goods to be made by the defendant to this business acquaintance, upon the plea that his relations with the defendant were not of such a character as that he could have any dealings with the defendant direct, but would be responsible for any consignment upon the friend's order. As a consequence, the defendant shipped to the third party a quantity of goods C. O. D., and upon their arrival here the same were levied upon under the plaintiff's attachment. The matter being brought to the attention of the court upon a notice of motion for an order vacating the attachment, and for such other and further relief as might be just, the attachment was permitted to stand, and the levy vacated and set aside, with costs. This, we think, was right. The plaintiff cannot be heard to complain of the alleged insufficiency of the notice of motion to

the upholding of his own misdoing. An act of gross injustice has been done to the defendant in bringing his property into the jurisdiction of the court to subject it to an unlawful levy upon a duly-authorized attachment, and we are of the opinion that the notice of motion was ample, under the circumstances, to warrant the making of the order appealed from.

Order affirmed, with costs.