No. 19,900.

THE VAN ARSDALE - OSBORNE BROKERAGE COMPANY, *Appellee,*
v. A. E. JONES and T. M. JONES, *Appellants.*

SYLLABUS BY THE COURT.

1. NONRESIDENT DEFENDANT—*No Fraud Shown in Procuring Service.* The record held not to show fraud in procuring service upon a nonresident defendant.

2. PLEADING—*Amendment—Continuance Refused.* The allowance of an amendment to the reply without granting a continuance held not to have been prejudicial.

3. TRIAL—*Case Taken from Jury—Not Material Error.* The taking of a case from the jury held not to constitute material error, because, although a formal issue of fact was presented, the real matters in controversy turned wholly upon questions of law.

4. INSURANCE—*Solicitor's Contract—Overdue Premium Notes—Commissions.* Under a contract that where an insurance solicitor should

accept a premium note he should be paid by his employer a cash commission, to be charged back to him if the note should remain unpaid for six months after maturity, no provision being made for his subsequently receiving credit for it under any circumstances, the right of the agent to the commission ceases when a note, without the fault of the employer, has remained unpaid and overdue for six months, and is not restored by a subsequent extension or collection.

5. SAME—*Unpaid Premium Notes—Action to Recover Commissions Paid Thereon.* In an action upon such a contract to recover from the agent commissions paid him on notes that remained unpaid for six months after maturity, it is not incumbent on the plaintiff to show that it had taken affirmative steps to enforce their collection.

6. TRIAL—*Evidence.* Rulings concerning the admission and rejection of evidence held not to constitute prejudicial error.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed April 8, 1916. Affirmed.

*H. E. Walter,* and *John H. Connaughton,* both of Kingman, for the appellants.

*E. L. Foulke, C. A. Matson,* and *J. D. Wall,* all of Wichita, for the appellee.

The opinion of the court was delivered by

MASON, J.: The Van Arsdale - Osborne Brokerage Company employed A. E. Jones as an agent to solicit fire insuranoe, under a written contract which among other things provided that he should receive a commission upon the premiums; that where premium notes were given the brokerage company would remit to Jones on the first of the ensuing month the amount of his commissions thereon, but that "in all cases where notes are taken by him for insurance and said notes remain unpaid for six months after due, the commission advanced by said Company shall be refunded by said solicitor." Provision was also made for charging back to the solicitor commissions on policies that were subsequently canceled. Jones worked under the contract from August 1, 1909, to March 30, 1912, at which time the agency was transferred. On April 14, 1913, the company brought action against Jones, joining as a defendant T. M. Jones, who had signed a bond for his faithful performance of his contract, upon an account for $184.64, con-

sisting of items charged to the agent because of the cancellation of policies, and because of the nonpayment within six months after maturity of premium notes on which he had received a commission. Upon trial the court directed a verdict for the plaintiff, on which judgment was rendered. The defendants appeal.

(1) A reversal is asked on the ground that service in Sedgwick county was procured by fraud, in that A. E. Jones, a resident of Kingman county, was induced to come to Wichita on the representation that the company desired to discuss a settlement with him, when in fact the purpose was to have him served with summons in the present action. In the plaintiff's abstract it is said that at the hearing of the motion to set aside the service oral evidence was introduced, of which no transcript or abstract was made. If that is the case, and the statement has not been challenged, no review of the ruling on the motion can be had unless the admitted facts show that fraud was practiced in obtaining service. The parties agree that the account against A. E. Jones was placed for collection in the hands of a Kingman attorney, who told Jones that unless it was paid he would have to bring an action upon it; that there was talk between them of the withholding of the suit for a time, of his entering an appearance later, and of his going to Wichita to confer with the plaintiff, the evidence being in conflict as to the details of the conversations; that a little later Jones called at the plaintiff's office in Wichita to discuss a settlement, and was there served with summons. These facts fall short of making out a case of procuring service in Sedgwick county by fraud, there being no admission that the defendant was induced by the plaintiff's representative to make the trip to Wichita for the purpose of discussing a settlement. (*McLain v. Parker,* 88 Kan. 717, 129 Pac. 1140.)

(2) The answer of A. E. Jones alleged that the plaintiff had extended the time of payment of the notes the nonpayment of which was the basis of the demand for the refunding of his commissions. The reply was a general denial. At the trial the plaintiff was permitted to amend the reply by pleading that any extension of time that was given was a mere indulgence, not supported by any consideration. The defendants objected unless a continuance were had, and now complain

of the ruling. The allowance of the amendment was within the discretion of the court, and it does not appear that a delay would have benefitted the defendants. And in any event the matter presented in the amendment is not vital to the result, as will appear from what is hereinafter said.

(3) Technically a case was presented for submission to the jury, the burden of proof being on the plaintiff. A formal issue had been raised as to the terms of the written contract of agency, but the document was produced at the trial and its genuineness is not controverted, so that no real question exists in that regard. Upon the matters of substantial dispute the plaintiff relied upon the testimony of its secretary, May O. Jones, who had charge of the accounts of all agents. She testified, largely from the records of the company, concerning the transactions had with respect to each of the controverted items. The defendants were entitled as an abstract proposition to have the jury pass on the credibility of the witness, but no challenge of her veracity is made, and in other respects the effect of her statements depends upon the soundness of the propositions of law upon which the defendants ask a reversal. Under these circumstances the omission to refer the matter to a jury is not regarded as material.

(4) The substantial controversy between the parties turns upon the force of this sentence of the agency contract: "And it is further agreed by said solicitor that in all cases where notes are taken by him for insurance and said notes remain unpaid for six months after due, the commission advanced by said Company shall be refunded by said solicitor." It was shown that in a number of instances in which the company had charged back to the agent the commission paid him on a particular premium note, the company had extended the time of payment, sometimes upon the giving of security; and that in other instances, after a commission had been charged back to the agent, the company had collected the note without giving the agent any credit therefor. But no such extension or collection was shown to have been made until after the expiration of six months from the original maturity of the note.

The defendants are right in asserting that there was an implied obligation on the part of the company not to do anything to interfere with the prompt payment of the premium notes.

(*Currier v. Mutual Reserve Fund Life Ass'n*, 108 Fed. 737; *Reed v. Union Life Insurance Co.*, 21 Utah, 295, 61 Pac. 21.) And if the company, before a note had become six months overdue, had granted the maker an extension, whether for a consideration or otherwise, it would thereby have waived its right to charge back the agent's commission because of a nonpayment within the time originally fixed. But the defendants also maintain that even where a commission had properly been charged back to the agent because of the nonpayment of a note for six months after maturity, he was entitled to a credit whenever it was collected; and that even where an extension was granted after a note had remained six months overdue, the right of the agent to a contingent credit revived, and he could not be required to refund the commission until the expiration of six months from the new date of maturity. We can not agree that such is the fair construction of the contract. It provides that whenever a note remains unpaid for six months after maturity the commission is to be refunded by the agent. No provision is expressly made for reopening the account in that regard, and we think none is to be implied. By the literal terms of the contract the right to the commission is destroyed by a default of six months in the payment of the note. The requirement that the commission shall be contingent not only upon the payment of the note but upon its prompt payment is somewhat strict, but not so harsh as to justify a strained construction to avoid its enforcement. Its obvious purpose is to give the agent a strong motive to see that the notes taken shall be such as will be paid without delay and without inconvenience or expense being caused to the company. As the right of the agent to a commission was absolutely cut off whenever (without fault of the company) a note remained unpaid for six months after maturity, it was of no consequence to him what extensions were made after that time, for a consideration or otherwise, or whether collection was ever effected. And the liability of the bondsman is measured by that of the agent, whose faithful performance of the contract he had guaranteed. (*Milwaukee Mechanics' Ins. Co. v. Warren*, 150 Cal. 346, 89 Pac. 93; *Van Arsdale-Osborne Brokerage Co. v. Riner*, [Okla. 1915] 153 Pac. 859.)

(5) The defendants argue that the burden of proof was on

the plaintiff to show that it had diligently endeavored to collect the notes. There is nothing in the record that suggests a want of reasonable diligence in that regard. The company was bound not to do anything to encourage delay, but was not required to take any particular steps in the effort to enforce collection.

(6) Complaint is made of the sustaining of objections to two questions asked of the plaintiff's witness on cross-examination. One of them referred to a matter already held to be immaterial. The other is not regarded as of sufficient importance to be the basis of a reversal whether the ruling was correct or not. An objection is made to a part of her testimony as immaterial. If it was immaterial it could not under the circumstances have been prejudicial. A. E. Jones pleaded that after the written contract had been executed a representative of the plaintiff orally agreed with him that the commissions on unpaid notes should not be charged back to him. Presumably in support of this allegation he offered to testify to a conversation with an agent of the plaintiff, but his testimony was ruled out, apparently for want of proof of the agent's authority. The ruling seems to have been correct, but in any event it can not be reviewed, for the character of the excluded evidence was not shown. (Civ. Code, § 307.)

The judgment is affirmed.