## EMERT v. GROOMER.

No. 18142.  Opinion Filed June 5, 1928.

(Syllabus.)

1. **Attachment—Invalidity Where Property Seized on Sunday Outside County and Forcibly Brought into County.**

Paragraph 1 of the syllabus in Atoka Milling Co. v. Groomer, No. 18141, just decided (May 29, 1928) 131 Okla. 58, 268 Pac. 208, is made paragraph 1 of the syllabus herein.

2. **Same—Invalidity of Second Attachment Immediately After Discharge of First.**

Where, under the facts set out in paragraph 1, and immediately upon the release of said property to defendant, plaintiff caused said property to be seized upon attachment, and where defendant appears specially and moves to discharge such attachment upon the ground that the first attachment was void for the reasons set out in paragraph 1 hereof, and that his property was unlawfully brought into the county of the second attachment against the will of defendant, and that he was in said county as a witness and party solely for the purpose of having his property discharged from such attachment, and where the foregoing are found by the court to be the facts, the discharge of such property from seizure is proper.

Commissioners' Opinion, Division No. 2.

Error from District Court, Atoka County; P. L. Gassaway, Judge.

Proceeding by G. R. Emert against Charles H. Groomer for attachment of defendant's personal property to satisfy plaintiff's claim. From an order discharging property from attachment, plaintiff appeals. Affirmed.

J. G. Ralls, for plaintiff in error.

I. L. Cook, for defendant in error.

BENNETT, C. This was a civil action by G. R. Emert against Charles H. Groomer in district court of Atoka county, Okla. The parties will be referred to as they appeared in the trial court.

The case comes to this court by appeal of plaintiff, seeking to review and reverse the action of the trial court in vacating and discharging a levy of attachment on a certain automobile truck loaded with household goods. There were four cases numbered, respectively, 3785, 3852, 3810 and 3882, pending in the trial court between the same parties. Writs of attachment were sued out in each case by plaintiff and levied upon the personal property aforesaid as the property of defendant. At the trial below these cases were consolidated and tried together, and identical orders were made in each case, and since they involve the same questions, they are submitted here, by consolidation, as one case.

The facts of this case are identical with the facts set out in Atoka Milling Company, Plaintiff in Error, v. C. H. Groomer, Defendant in Error, No. 18141, and which has just been decided by this court (May 29, 1928), 131 Okla. 58, 268 Pac. 208, except that the attachments were not levied on the property in the cases at bar until immediately after the discharge of the first attachment of the same goods had been ordered, and the property had been returned by the court to the defendant in the Atoka Milling Company Case. In other words, the second attachment made in last-named case and the attachment in case at bar were made by the same officer and at the same time.

But one question is presented for our consideration: Was the seizure under attachment in the case at bar of the goods which had been discharged by the court authorized under the facts of this case? The plaintiff in the case at bar is represented by the same counsel who represented the plaintiff in the Atoka Milling Company Case, supra. The same brief is filed in this case as in that, and the same arguments and authorities are relied upon.

It seems to be conceded that, if defendant were immune from process while attending court as a witness and suitor in Atoka county for the purpose of having his property discharged from attachment levied in the Atoka Milling Company Case, the defendant would be protected upon the same ground and to the same extent in this case. We held in the Atoka Milling Company Case that while the action of the court in discharging the attachment might be defended on that theory alone, nevertheless, we took the broader ground also that by reason of the fact that the first seizure (in Bryan county) was unlawful, because made on Sunday and by a deputy sheriff outside his own county and

outside the county in which the suit was pending, the carrying by force and against his will of defendant's property into Atoka county, although under color of legal authority, was wrongful and amounted to a trespass. And on that account also held the property of defendant was not subject to seizure by plaintiff on an alias attachment sued out and levied upon the property in Atoka county immediately following the discharge of the first seizure.

This holding was based upon the ground that it is the duty and province of the court to see to it that neither the law, nor its officers, nor its process, is made auxiliary to corrupt, unjust or oppressive ends. Pomroy v. Parmlee, 9 Iowa, 140, 74 Am. Dec. 328; Ilsley v. Nichols, 12 Pick. 270, 22 Am. Dec. 425; Deyo v. Jennison, 10 Allen (Mass.) 410; Otis v. Jones, 21 Wend. 394; Barratt v. Price, 9 Bing. 566.

"A levy upon property, otherwise valid, if effected by means of an unlawful detention of the property, is void. * * *" Corning v. Dreyfus, 20 Fed. 426; Wells v. Gurney, 8 Barn. & C. 769; Clossen v. Morrison, 47 N. H. 482; Chubbuck v. Cleveland (Minn.) 35 N. W. 362; Townsend v. Smith (Wis.) 3 N. W. 439; Wheelock v. Lee, 74 N. Y. 498; Matthews v. Eby (Mo.) 151 S. W. 470.

The same doctrine has been substantially followed in Oklahoma in the case of Hixon v. Chamberlin, 116 Okla. 77, 243 Pac. 183. The court in the last case in the opinion says:

"Residence is a matter of choice and of intention, and the presence of a person to be served in a county other than that of his residence must likewise be **through choice and intention.**"

Defendant did not carry nor consent to the carrying of his goods into Atoka county. They were carried there forcibly and against his will and under colorable legal authority. The defendant followed his goods into such county only to have the same discharged from an unlawful seizure.

If we assume that plaintiff and the attaching officer in the Atoka Milling Company Case knew the law, then the only apparent purpose of the seizure of the property in Bryan county and the quick removal of the goods into Atoka county was to give, by an unlawful act, a law court the opportunity and jurisdiction to lawfully seize defendant's property. We are unwilling to lay down the rule that officers of the law, by strong arm methods, may make their unlawful acts the basis for seizure of property to support court jurisdiction. We think it would lead to intolerable abuses.

This and similar holdings are not to give countenance to defendants seeking to evade honest debts which may affect a few individuals, but to make clear the important determination that courts will not directly or indirectly uphold the breach of the law, and that their jurisdiction shall not be predicated upon wrongdoing. For a full discussion, the opinion in the Atoka Milling Company Case, supra, is referred to.

For the reasons given, and especially the holding in the last-named case, we hold that the judgment of the trial court should be affirmed.

TEEHEE, FOSTER, LEACH, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 6 C. J. p. 322, §643. (2) 2 R. C. L. p. 827.