## OKLAHOMA INDUSTRIAL FINANCE CORPORATION v. WALLACE.

No. 27000.  June 22, 1937.

Miley, Hoffman, Williams, France & Johnson, M. W. Eddleman, and Williams & Williams, for plaintiff in error.

Sigler & Jackson, for defendant in error.

PER CURIAM. The defendant having an interest in the controversy is a loan company, the other defendant is the American Bank & Trust Company of Ardmore, Okla., and the plaintiff is a resident of Ardmore, Okla. The parties will be referred to as defendant, meaning the loan company, and plaintiff, as they appeared in the trial court.

Defendant has its principal place of business in Oklahoma City, Okla., and does not transact and has not transacted any business in Carter county.

On the respective dates, February 13, 1930, and March 4, 1930, the plaintiff executed notes for $400 each and secured them

by a pledge of some diamonds. Certain payments were made thereon by the plaintiff. Sometime in April, 1934, defendant, by a notice, informed the plaintiff that on May 1, 1934, said property would be sold. On April 27, 1934, plaintiff directed the defendant to send the two notes and collateral diamonds to the American Bank & Trust Company of Ardmore, Okla., for collection, and therein stated:

"I would prefer for you to carry this for me and pay you $50.00 per mo. if you will."

The proceeding to sell the diamonds was stopped and the jewels were sent to the said bank, which was in the hands of the State Bank Commissioner for liquidation. On May 9, 1934, after the diamonds had reached Ardmore, plaintiff filed this action in replevin. Judgment was for the plaintiff for the possession of the diamonds.

In due time the defendant filed a motion to quash the summons and a motion to quash the writ in replevin and alleged the above facts as to residence, and further alleged that the plaintiff procured the diamonds to be sent to Ardmore for the sole purpose of filing this action. The court overruled the motion to quash in both instances. This is the first alleged error assigned by the defendant.

It is a well-settled rule of law, both in this and other states, that a court will not lend its jurisdiction to a plaintiff where the service upon a defendant has been obtained by inveigling a person to be served into the territorial jurisdiction of the court by means of fraud and deceit, actual or legal, or by trick or device or illegal act; and it makes no difference whether the device is used to obtain jurisdiction of the person or the property of 'a person. Atoka Milling Co. v. Groomer, 131 Okla. 58, 268 P. 208; Kelly v. Citizens Farmers Nat. Bank of Chickasha, 174 Okla. 380, 50 P. (2d) 734; Rozencranz v. Swafford Bros., 175 Mo. 518, 75 S. W. 445, 97 Am. St. Rep. 609; Van Horn v. Great Western Mfg. Co. (Kan.) 15 P. 562; Townsend v. Smith (Wis.) 3 N. W. 439; Sessoms Groc. Co. v. International Sugar Feed Co. (Ala.) 66 So. 479; Pakas v. Steel Ball Co., 68 N. Y. S. 397; Siro v. American Express Co. (Conn.) 121 Atl. 280; Ultcht v. Ultcht (N. J. Eq.) 126 Atl. 440; Ilsley v. Nichols, 12 Pick. (Mass.) 270, 22 Am. Dec. 425; Deyo v. Jennison (Mass.) 10 Allen, 410; Chubbuck v. Cleveland (Minn.) 35 N. W. 362; Blandin v. Ostrander, 239 Fed. 700; Matthews v. Eby (Mo. App.) 151 S. W. 470; 50 C. J. page 488, sec. 92.

Several of the above cases involve facts where the property has been sent to a third person or attached by an officer or delivered to the party on a promise to buy or inspect. The rule is the same whether it be the illegal act of an officer in the service of a writ or the inveigling of plaintiff alone. The act of the officer is ignored and the act of the plaintiff procuring the writ denominated 'a trespass. Ilsley v. Nichols, supra. We have discussed this question in an exhaustive opinion in Kelly v. Citizens Farmers Nat. Bank, supra.

The evidence is uncontradicted that the plaintiff did not intend to pay for the diamonds; that he requested the defendant to forward them to the bank for the sole purpose of filing a suit in Carter county. The bank would not have had possession of the jewels except for the fact that plaintiff directed defendant to send them for the purpose of payment of the amount due thereon.

Plaintiff urges that the right to present the question was lost by the defendant's failure to preserve any evidence on the hearing of motions. This argument overlooks the basis of the rule. It is not jurisdictional, but one adopted by courts as a guaranty of justice 'and fair play. Reed v. Williams, 29 N. J. Law, 385; Ultcht v. Ultcht, supra. In Deyo v. Jennison, supra, it was held a debtor who is induced by fraudulent means of a creditor to bring exempt property into a commonwealth where it is not exempt for the purpose of attachment is within the rule. Under the rule announced in Steiger v. Bonn, 4 Fed. 17, where the defendant had been lured into the jurisdiction by a telegram, but it was not shown that plaintiff had sent it, it was held that it was the duty of plaintiff to make some explanation, the court stating that the burden of proof was upon the plaintiff to explain how the officer knew the defendant was coming into the jurisdiction, and cited the case of Hevener v. Heist, 30 Leg. Int. (Pa.) 46. Both of these cases are cited with approval in Kelly v. Citizens Farmers National Bank, supra.

Defendant filed its verified motion stating fully and frankly its grounds. It does not appear that plaintiff contradicted these facts. As said in Kelly v. Citizens Farmers Nat. Bank, supra, although it must be presumed the court found in favor of the plaintiff on the point, there is nothing in the record which justifies such finding. We think the record clearly and without dispute shows that the plaintiff never intended to pay any

amount for the diamonds either to the bank or the defendant.

Plaintiff points out that if the diamonds were sold in Oklahoma City plaintiff could make an affidavit which would force the defendant into the district court and therefore no damage is done to the defendant. A very similar argument was made in the case of Ultcht v. Ultcht, supra, in an action in divorce. There the plaintiff's father had procured the defendant to enter the jurisdiction and the plaintiff urged that the defendant had been in the jurisdiction going back and forth on a number of occasions. The court said:

"I cannot agree with this either, because while it is true, as pointed out in Case v. Smith, Lineaweaver & Co. (C. C.) 152 Fed. 730, that had he been served upon any other visit to this state it would have been effectual, that does not in the slightest change the situation where the action was taken at a time and place to which the husband had been invited (and it makes no difference whether expressly or by implication) to attend by the adverse party."

The Supreme Court of Minnesota in Chubbuck v. Cleveland, supra, held that where an attachment was procured by fraudulent means, the court, on the discovery thereof, would refuse to exercise jurisdiction, and where a person by fraud and deceit inveigles another into the jurisdiction of the court for the purpose of obtaining the service of summons upon him, the service should be set aside; and it makes no difference that a general appearance has been made, because the court is not thereby precluded from vindicating the integrity of its process in granting such relief. Townsend v. Smith, supra. To the same effect, see Van Horn v. Great Western Mfg. Co., supra.

It is true that this court has stated the rule that where the jurisdiction is questioned aside from the record, it will be presumed that the court heard testimony sufficient to support jurisdiction. That rule was announced in Van Arsdale-Osborne Brokerage Co. v. Jones, 97 Kan. 646, 156 P. 719, and that case was distinguished in Kelly v. Citizens Farmers Nat. Bank, supra, wherein it is stated that in Van Arsdale-Osborne Brokerage Co. v. Jones, supra, the record showed that evidence was taken and not incorporated in the record. No such showing is made here, and the statement in the journal entry that the court was fully advised in the premises does not suggest to this court that the motion to quash was disposed of otherwise than on the uncontroverted verified motions. The rule that jurisdiction will be presumed does not apply.

The defendant renewed its motion to quash and saved its exceptions thereto by filing its motion for new trial and included therein the error of the court in overruling the motion to quash. Under the authorities cited above, we are of the opinion, and hold, that it was reversible error for the court to proceed in the light of said circumstances where the proper motions had been filed, which verified motions contained the information that the property had been brought into the county for the very purpose of filing the action in replevin, and especially so where at no stage of the proceedings did the plaintiff deny or attempt to explain the allegations made in such motions.

The cause is reversed and remanded, with directions to set aside the judgment for the plaintiff and to dismiss the proceedings.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, CORN, GIBSON, and HURST, JJ., concur.