**OKLAHOMA JOURNAL PUBLISHING COMPANY, a corporation, Petitioner,**

v.

**G. B. Chuck CORYELL, Judge of the District Court of Creek County, Bristow and Drumright Division, Respondent.**

**No. 44836.**

Supreme Court of Oklahoma.

June 2, 1971.

Foliart, Shepherd, Mills & Niemeyer, David W. Edmonds, Oklahoma City, for petitioner.

Manners, Merz & Grennan, Oklahoma City, for respondent.

JACKSON, Justice.

Petitioner, Oklahoma Journal Publishing Company, brings this original action to prohibit the Honorable G. B. Chuck Coryell, a District Judge in Creek County, Oklahoma, from proceeding further in three damage suits pending in the Drumright Division of the Creek County District Court. The question for decision is whether the facts constitute an abuse of process challenging the jurisdiction of that Court.

The facts are that on November 30, 1969, there was an automobile accident in Oklahoma County. Frances L. Gilbert was the driver of an automobile which collided with a truck owned and operated by the Oklahoma Journal Publishing Company. Three passengers in the automobile were allegedly injured.

In March, 1970, the three passengers in the automobile filed damage suits in the Drumright Division of the District Court in Creek County against Mrs. Gilbert, the driver of the automobile, and against the Oklahoma Journal and its truck operators, Ash. These cases are entitled, on the Drumright Docket as follows:

"No. C–70–22. Marion Johnson, Plaintiff, vs. Gilbert Lee Ash, John Ash (operators of the truck), Frances L. Gilbert, and the Oklahoma Journal Publishing Company, Defendants.

"No. C–70–24. John A. Gilbert, Plaintiff, vs. Gilbert Lee Ash, John Ash, Frances L. Gilbert, and the Oklahoma Journal Publishing Company.

"No. C–70–40. Bobbie Jean Baker, Plaintiff, vs. Gilbert Lee Ash, John Ash, Frances L. Gilbert, and the Oklahoma Journal Publishing Company."

All of the above named plaintiffs and defendants reside, and the Journal has its principal place of business, in Oklahoma County.

On March 28, 1970, the plaintiffs in the above entitled actions obtained service of summons upon Frances L. Gilbert at the Tulsa Turnpike Gate in Creek County. Service of summons was obtained upon the Oklahoma Journal Publishing Company in Oklahoma County on January 8, 1971.

The Oklahoma Journal's special appearances, motions to quash, and pleas to the jurisdiction and venue of that court were overruled. The instant action was then filed in this court.

The evidence shows that Frances L. Gilbert (defendant in Creek County) is the wife of John A. Gilbert and that Bobbie Jean Baker is John A. Gilbert's sister. A few days prior to service of summons in Creek County, Bobbie Jean Baker (a plaintiff in Creek County) told Frances L. Gilbert that John Gilbert's sister in Tulsa was ill. Mrs. Baker suggested that Mrs. Gilbert and her husband John, and Mrs. Baker and her husband, should visit the sister in Tulsa. Mrs. Baker testified she understood "they were going to serve (summons upon) Mrs. Gilbert up there."

John A. Gilbert testified he had previously told his Oklahoma City attorney that he and his wife, Frances, would be going to Tulsa. On Friday, April 27, 1970, Mr. Gilbert told his Oklahoma City Attorney that he and Mrs. Gilbert would leave early the next morning, April 28, 1970, and drive to Tulsa.

Charles Daniels of Creek County testified that he is one of the attorneys for the plaintiffs in the Creek County actions. He received information from Herbert Hyde, the Oklahoma City lawyer representing the plaintiffs, that Mr. and Mrs. Gilbert "would be coming through on their way to Tulsa and that she could be served (with summons) at the north end of the Tulsa Turnpike. Daniels notified the sheriff of Creek County, and was present with the officer when summons was served upon Mrs. Gilbert, a defendant in each of the actions previously filed in Creek County.

Mrs. Gilbert testified that she was not a party to this plan to have summons served upon her in Creek County. However, this is immaterial. We have held that it is an abuse of process to invei-

gle or entice a person to be served into the jurisdiction of a court by means of deceit, or by trick or device for the purpose of obtaining service of process and that such service, if obtained under such circumstances, is ineffective when properly challenged. Kelly v. Citizens Farmers Nat. Bank (1935), 174 Okl. 380, 50 P.2d 734; Oklahoma Industrial Finance Corporation v. Wallace (1937), 180 Okl. 363, 69 P.2d 362.

 Where service of summons is not legally obtained on one of several defendants in the county where the action is brought, a summons cannot be issued thereon to another county and there be legally served on any one or more of the co-defendants. Bearman v. Hunt (1918), 68 Okl. 96, 171 P. 1124.

The relief prayed for is granted, and the Honorable G. B. Chuck Coryell is directed to desist and refrain from further proceedings against the Oklahoma Journal Publishing Company, other than to assess appropriate costs against the plaintiffs, in cases numbered C–70–22, C–70–24, and C–70–40 in the Drumright Division of his court.

All the Justices concur.