(No. 12599.—Decree affirmed.)

JANE BARNARD SKINNER, Appellant, vs. THE NORTHERN TRUST COMPANY et al. Appellees.

*Opinion filed April 15, 1919—Rehearing denied June 6, 1919.*

1. CHARITIES—*charitable uses are not within rule against perpetuities.* The statute of charitable uses is a part of the common law of Illinois, and conveyances or devises to charitable uses are not within the rule against perpetuities.

2. SAME—*gifts to charity are favored by the courts.* Gifts to charity are looked upon with favor by the courts and every presumption consistent with the language used will be indulged in to sustain them.

3. SAME—*when devise is to charitable uses.* Where property is devised in trust for the benefit of corporations that have no capital stock and can declare no dividends, and all of whose property or funds must be used for the carrying on of charitable purposes as set out in their charters, the devise is one to charitable uses.

APPEAL from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

HELMER, MOULTON, WHITMAN & WHITMAN, (JOHN B. SKINNER, of counsel,) for appellant.

BAYLEY & WEBSTER, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from the decree of the circuit court of Cook county dismissing for want of equity a bill filed by appellant praying that clause 13 of the last will and testament of Louise May Whitehouse be set aside and the trust therein created be held void and inoperative for the reason that said clause is in violation of the established rule against perpetuities.

The contested clause of the will, after devising all of the testatrix's property to the Northern Trust Company as trustee, with full power to manage, lease, invest, sell and convey, and with directions to sell all non-income property,

with authority to employ agents, attorneys, etc., reads as follows: "Said trustee shall collect the income of said trust estate and shall pay from the net income derived therefrom, to my sister, Jane Barnard Skinner, the sum of two thousand ($2000) dollars per year, to be paid semi-annually so long as she shall survive me; and shall also pay from such net income to my dear friend Edna Murphy Trego the sum of five hundred ($500) dollars per year, to be paid semi-annually so long as the said Edna Murphy Trego shall survive me; and shall also pay to Martha Clarke Howland, of Union Springs, New York, the sum of three hundred ($300) dollars per year so long as said Martha Clarke Howland shall survive me; and shall pay the balance of the net income of said trust estate, semi-annually, to the five (5) charitable corporations hereinafter named, in equal shares. From and after the death of the last survivor of them, the said Jane Barnard Skinner, Edna Murphy Trego and Martha Clarke Howland, said trustee shall pay the net income of said trust estate, semi-annually, as follows: One-fifth thereof to the Visiting Nurse Association of Chicago, to be used by said association in carrying out its charitable purposes; another fifth thereof to the Home for Destitute Crippled Children of the city of Chicago, to use in carrying out its charitable purposes; another fifth thereof to the Glenwood Manual Training School, located at Glenwood, Cook county, Illinois, to be used in carrying out its charitable purposes; another fifth thereof to the Alexian Brothers' Hospital in the city of Chicago, to be used in carrying out the purposes of said hospital, in recognition of its kindly services to my father; and the other fifth thereof to the Illinois Humane Society of the city of Chicago, to be used, in its discretion, in the erection of street fountains in the city of Chicago, and if not used for such street fountains, then to be used in carrying out the charitable purposes of said society. Said trust established by this clause 13 of my will shall continue perpetually for the ben-

efit of the said five charitable organizations hereinbefore named, and in case either of said charitable organizations shall cease to exist, then its successor, if any, in the same charitable work theretofore carried on by it, shall succeed to the benefits hereunder and be entitled thereto in place of such organization ceasing to exist; and in case either of said five charitable organizations in this clause mentioned shall cease to exist and shall leave no successor to carry on the work theretofore carried on by such organization, then the share of such net income hereby given to such organization so ceasing to exist shall thereafter be added, semi-annually and equally, to the shares of the other charitable organizations hereinbefore mentioned then existing."

It is contended by the appellant that the bequests in clause 13 come within the rule against the creation of perpetuities; that the corporations designated in said clause as charitable corporations are not such in fact; that they have no charitable purposes for the carrying out of which the income from the trust estate is given; that the doctrine of reverter to the original owner or his heirs in case of corporate dissolution is applicable to public and eleemosynary corporations; that the nature of the corporation as well as its purposes or objects must be determined from its charter or articles of association and cannot be shown by extrinsic evidence.

It is conceded by the parties to this suit that clause 13 creates a perpetuity. The appellees, however, contend that they are not within the operation of the rule, on the ground that the character and purpose of the beneficiaries named in said will and of the bequests bring them within the exception in favor of trusts for charitable uses.

The only evidence submitted to support the contention of the appellant in the circuit court was the certified copy of the charter of each of said five corporations.

It is well settled in this State that conveyances and devises to charitable uses are not within the rule against per-

petuities. The statute of charitable uses (43 Eliz. chap. 4,) is a part of the common law of this State. (*Heuser* v. *Harris,* 42 Ill. 425; *Crerar* v. *Williams,* 145 id. 625; *Franklin* v. *Hastings,* 253 id. 46; *Andrews* v. *Andrews,* 110 id. 223; *Welch* v. *Caldwell,* 226 id. 488; *French* v. *Calkins,* 252 id. 243.) Gifts to charity are looked upon with favor by the courts. Every presumption consistent with the language used will be indulged in to sustain them. (*Franklin* v. *Hastings, supra.*) A charity, as defined by Mr. Justice Gray in *Jackson* v. *Phillips,* 14 Allen, 556, and approved by this court, is as follows: "A charity, in a legal sense, may be more fully defined as a gift, to be applied, consistently with existing laws, for the benefit of an indefinite number of persons, either by bringing their hearts under the influence of education or religion, by relieving their bodies from disease, suffering or constraint, by assisting them to establish themselves for life, or by erecting or maintaining public buildings or works or otherwise lessening the burthens of government. It is immaterial whether the purpose is called charitable in the gift itself, if it is so described as to show that it is charitable in its nature." *Crerar* v. *Williams, supra.*

In *Grand Lodge* v. *Board of Review,* 281 Ill. 480, this court said: "It is the duty of the public to care for the indigent and the poor who are sick and afflicted, and while the public burden is not for the relief of aged and indigent Masons, as such, the public is not relieved from the burden because they are Masons, and any institution which serves no selfish interest, but discharges, in whole or in part, any such duty, is a public charity. To constitute a public charity the benefit must not be conferred upon certain and defined individuals but must be conferred on indefinite persons composing the public or some part of the public, but the indefinite class may be of one sex, or the inhabitants of a particular city, town or county, or members of a particular religious or secular organization. * * * A home

for working girls provided at moderate cost, with officers serving without compensation, with free attendance of physicians on the hospital staff and a library and weekly entertainments, was held to be a public charity in *Franklin Square House* v. *Boston,* 188 Mass. 409, and we see no apparent reason for saying that a classification must be based on something which involuntarily affects the public at large. A public charity cannot be limited to defined individuals, but if it operates upon indefinite persons whose care and support rest upon the public, the effect is to afford relief from the public burden and the charity is public in its nature."

· With these definitions in mind we view the testimony offered by appellant under the contention that four of the five corporations named in the will of the testatrix are not charitable bodies. It is contended that the question whether or not said corporations are charitable corporations must be determined, alone, from the powers given by their charters, and pursuant to that contention appellant offered certified copies of said charters in evidence. As it is admitted by the appellant that one of said corporations, the Alexian Brothers' Hospital, is a charitable body, we will pass to an examination of the charters of the remaining four.

In the charter of the Illinois Humane Society its objects are stated to be: "The prevention of cruelty to children, the enforcement of laws concerning cruelty to children, and the procuring or enactment of laws prohibiting cruelty to children and declaring the punishment therefor." The objects of the Glenwood Manual Training School are shown by its charter to be "to provide a home and proper training school for destitute and dependent boys who may be committed to their charge, and is not for pecuniary profit." The object of the Home for Destitute and Crippled Children, as shown by its charter, is as follows: "The object for which it is formed is to build and conduct a home and provide for destitute crippled children." The Visiting

Nurse Association is chartered under the following provision: "The object for which it is formed is for the benefit and assistance of those otherwise unable to secure skilled attendance in time of illness, to promote cleanliness and to teach proper care of the sick, and to establish or maintain one or more hospitals for the sick or a house or houses for the accommodation or training of nurses."

It is clear from reading the charters of these corporations that their purposes are charitable purposes. Their entire funds must be devoted to the objects named. Those objects, in each case, are to help those who cannot help themselves, thereby lessening the burdens of government. They have no capital stock and can declare no dividends. All property or funds received by them must be used for the carrying on of their purposes as set out in their charters.

It is urged that the devises are void for the reason that although said corporations are held to be charitable corporations yet they and their successors may cease to exist, in which event the residuary estate would vest in the heirs of the testatrix, and that a devise to such remote heirs cannot come under the head of a devise for charitable uses. If this were the law there could be no such thing as a charitable use not affected by the rule against perpetuities, as such a possibility of reverter always exists in law in such a devise.

We are of the opinion that the corporations are charitable corporations and the devises to them were for charitable purposes and therefore are without the rule against perpetuities.

The circuit court did not err in dismissing appellant's bill, and the decree of that court will be affirmed.

*Decree affirmed.*