(No. 19526.—

EDWARD SUMMERS *et al.* Appellants, *vs.* THE CHICAGO
TITLE AND TRUST COMPANY *et al.* Appellees.

*Opinion filed June 19, 1929—Rehearing denied October 5, 1929.*

GEORGE C. OTTO, for appellants.

BAYLEY, MERRICK, WEBSTER & GREGORY, (ROBERT L. HUNTER, of counsel,) for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county dismissing for want of equity a bill filed by appellants, as only heirs-at-law of Edward P. Summers, deceased, against appellees, asking for a construction of Summers' last will and testament, which had been duly probated, that a purported trust therein contained be declared invalid, that appellants be declared to be the owners of the property covered by the purported trust, and that the same be conveyed, assigned, transferred and surrendered by appellees, so far as the legal title or possession of any thereof is held by any of them, to appellants. So much of the will as is here pertinent is as follows:

"I give and bequeath all the rest, residue and remainder of my estate, real, personal and mixed, of every kind and nature and wheresoever situated, of which I may die seized or possessed, to Myrtle Johnson, as trustee, to have and to hold the same upon the trusts and for the uses and purposes hereinafter expressed, that is to say:

"I do hereby authorize my said trustee to invest and re-invest my said trust estate in such securities as in her

judgment will be for the best interest of the estate, my said trustee to have as wide latitude in the selection and making of any investments as I myself would have if living. My trustee shall also invest the interest from said trust estate as well as the principal thereof. I direct my trustee to collect the income derived from the trust estate and from such income my trustee shall pay all the necessary costs and expenses of this trust, including taxes and the reasonable compensation of my trustee. It is my desire that my trust estate be allowed to accumulate for a period of ten years from the date of my death and at the expiration of said ten-year period, I direct my said trustee to deliver to Northwestern University of Chicago, Cook county, Illinois, the securities then representing my estate and I direct that said university shall divide same into two equal funds, one to be known as Medical students' fund and the other to be known as Law students' fund. The income from each of these funds, as well as the principal thereof, as the securities mature, shall be used for the purpose of making loans to worthy students about to enter the senior year in the respective courses of law and medicine, in each case a member of the Masonic fraternity to be given preference, to enable them to pay their senior year's tuition, which loan shall be made to said students upon the approval of the dean of the law school and the dean of the medical school, respectively, for a period of four years, with interest at the rate of four per cent per annum, payable at the maturity of the note, which payments shall be again loaned out in the same manner, thereby creating a perpetual fund for the students of law and medicine.

"In the event any of my relatives should endeavor to contest this will, I hereby request that the Northwestern University shall defend said suit, as the students of Northwestern University will be the ultimate beneficiaries of my estate.

"I nominate and appoint Myrtle Johnson to be executrix of this, my last will and testament, and request that no sureties be required upon her bond as such executrix.

"In case of the death, resignation, refusal or inability of Myrtle Johnson to act as such executrix or trustee under this will, I then direct that Chicago Title and Trust Company shall act as executor or trustee as the case may be and shall have all title, rights, powers, duties and obligations herein conferred upon the said Myrtle Johnson."

The only points in controversy are whether the trust set up in the will of said testator is a valid charitable trust, and whether the interest of the testator in certain real estate passed under the will. The chancellor held that a valid charitable trust was created, and that its terms were sufficient to pass title to the real estate to the Chicago Title and Trust Company, as trustee, for ten years, and thereafter to the Northwestern University as trustee.

No real estate of the deceased was devised by any portion of the will not above set forth, and any real estate which he owned was a part of the "rest, residue and remainder of my estate, real, personal and mixed," mentioned in the will as part of the trust estate.

Gifts to charity are looked upon with favor by the courts. Every presumption consistent with the language used will be indulged in to sustain them. (*Franklin* v. *Hastings,* 253 Ill. 46.) A charity, in a legal sense, may be defined as a gift, to be applied, consistently with existing laws, for the benefit of an indefinite number of persons, either by bringing their hearts under the influence of education or religion, by relieving their bodies from disease, suffering or constraint, by assisting them to establish themselves for life, or by erecting or maintaining public buildings or works or otherwise lessening the burthens of government. It is immaterial whether the purpose is called charitable in the gift itself, if it is so described as to show that it is charitable in its nature. (*Skinner* v. *Northern*

*Trust Co.* 288 Ill. 229; *Crerar* v. *Williams,* 145 id. 625.) In the statute of charitable uses, (43 Eliz. chap. 4,) which is a part of the common law of this State, schools of learning are mentioned as charitable objects. The fact that a school requires its students to pay tuition does not change its character as a charitable institution. (*Andrews* v. *Andrews,* 110 Ill. 223.) In *Parks* v. *Northwestern University,* 218 Ill. 381, it was held that the Northwestern University, while a private corporation charging tuition, was organized for purely charitable purposes.

The questions involved in this case are almost identical with those in *Morgan* v. *National Trust Bank,* 331 Ill. 182, where it was held that a provision in a will creating a fund to be loaned to indigent students of a college was a valid charitable gift, regardless of whether it was placed in the hands of a trustee or went directly to the college or its officers, and that the fact that it provided for the payment of interest by the students did not change the character of the trust as a charity, where the interest charged was a mere incident of the trust and was not for the profit or benefit of the estate or the trustee but went to the enlargement of the fund. Appellants, however, contend that this case differs from the *Morgan case* in that in that case the money was to be loaned to indigent pupils while in the instant case it is to be loaned to worthy students. If the word "worthy" were the only description of the students to whom the loans were directed to be made by the testator's will there might be some force in appellants' contention. That is not the case. The loans are directed to be made to "worthy students about to enter the senior year in the respective courses of law and medicine * * * to enable them to pay their senior year's tuition." The word "enable" is a compound of the prefix "en" and the adjective "able." "En" is a prefix forming verbs from nouns or adjectives, "en" having the general sense of make. The adjective "able" may be defined as having sufficient power, means or

resources of any kind to accomplish an object. The compound word "enable" is a verb meaning "to make able; to give (one) power, strength or competency sufficient for the purpose." (Webster's New Int. Dict.) One cannot by any act enable a person to do a thing which prior to the act the person was able to do. The term "worthy students," as used in the will, does not include all worthy students, but only such of them as without the loan would be unable to pay their senior year's tuition. It cannot be said or held that such students could use the loan for other than a charitable purpose, for it was to be loaned only for a purpose which was charitable and upon the approval of the dean of the law school or the dean of the medical school. The trustee was authorized to make the loan for the purpose specified in the will and for no other purpose. The provisions of the will were explicit in these respects and were not capable of the construction sought to be placed upon them by appellants.

It is contended by appellants that the trust is void because the will directs the accumulation for a period prohibited by the statute restraining trusts and directions for accumulations in deeds and wills. (Laws of 1907, p. 1.) By the provisions of the will the period in which the trust estate was to be allowed to accumulate was only ten years. After that time the fund, with its accumulations, was to be utilized for the purposes of the trust. The act of 1907 against accumulations was not intended to defeat the intention of a testator as to who shall be entitled to property under a will, but only to prevent indefinite accumulations of wealth, as it only limits the period of accumulation, while the produce beyond that limit goes to the same person who would have been entitled to it if the accumulation had not been directed. It is apparent that it was not the intention of the testator that any interest derived from the fund should remain in the hands of the trustee and inure to the benefit of the trustee as a separate fund or should

570

be used for any purpose other than that expressed in the will. The trust created by the will was not void. *Morgan v. National Trust Bank, supra; Kolb v. Landers,* 277 Ill. 440; *French v. Calkins,* 252 id. 243.

The decree of the circuit court is affirmed.

*Decree affirmed.*