David C. Grear, Conservator of the Estate of Jennie Grear, Appellant, v. Henry C. Sifford et al., Appellees.

Opinion filed March 4, 1937. Rehearing denied April 6, 1937.

McKinney, Folonie & Grear, of Chicago, for appellant; George H. Grear and Harold W. Hawes, of Chicago, of counsel.

R. Wallace Karraker, of Jonesboro, for appellees.

Mr. Justice Murphy delivered the opinion of the court.

The plaintiff David C. Grear as conservator of Jennie Grear herein referred to as plaintiff, filed this suit to construe the will of Mary A. Scott, deceased, and seeks a construction that would destroy a charitable use and pass the property as intestate. Defendants are the representative of the estate of Mary A. Scott, deceased, Union Academy of Southern Illinois, a corporation, the executor of the will of James C. Sowers, deceased, and Henry C. Sifford as trustee.

The matter is presented on plaintiff's complaint, defendants' motion to dismiss and the answer of the Union Academy, the facts alleged therein not being denied by plaintiff. The will describes certain real estate but it has all been converted into money and

there is alleged to be about $12,000. The trial court construed the will sustaining the charitable use and plaintiff has appealed from that decree.

Mary A. Scott died June 24, 1934, leaving a will dated May 12, 1914. She left the plaintiff, named in the will as Sarah Jane Grear, a sister, and James C. Sowers, a brother, her only heirs. James C. Sowers has since died. At the time of making the will and at her death she was a resident of Union county, residing in or near Jonesboro.

By the first clause of the will she directed the payment of debts and funeral expenses; by the second she devised a life estate to her brother and sister or the survivor of them, in all of her undivided interest in farm land described as her father's homestead and the land on which she and her sister then resided. The third clause gave her brother and sister the household effects.

The fourth clause is as follows: "Fourth, subject to the terms and conditions hereinafter set forth and the trust herein created, I give, devise and bequeath to the Union Academy of Southern Illinois (an Illinois Corporation) located at Anna, Illinois, all property, real, personal and mixed of which I may die seized and possessed, except the property bequeathed by the third paragraph of this will. In the event of the death of my said brother James and sister Sarah prior to my decease the title to all my real estate shall vest in said Union Academy at my death, and my executor shall turn over my personal property to said legatee on the completion of administration upon my estate. In case my said brother and sister, or either of them, shall survive me, then said Union Academy shall not be entitled to the title possession of or any control over any of said property until the termination of the trust by this will created, but the legal title thereof shall, until said time, be and remain in said trustee. It is my will

that said property, when turned over to said Union Academy, shall become a part of its endowment fund, and said academy may convert the same, or any part thereof, into real estate or money, at its pleasure. In case the school conducted by said corporation shall at any time be permanently discontinued, said property may be applied to such purpose or purposes as said corporation may deem best."

The fifth clause is in reference to the duration of the trust and by the sixth clause she devised and bequeathed to Albert B. Ogle "to be by him owned, managed, controlled and held in trust for the uses and purposes hereinafter set forth the following described property and all other property, if any, of which I may die seized and possessed, except that bequeathed in paragraph 'Third' of this will; and except as hereinabove otherwise provided as to my Union County, Illinois real estate." Then follows a specific description of certain real estate located in St. Clair county, all money, notes, mortgages, accounts and choses in action remaining after administration of the estate and her Union county real estate mentioned in the second paragraph of the will. (That being the property in which she had an undivided interest and referred to in the second clause as her father's homestead.) Detailed directions as to the trust property are then given the trustee.

The eighth paragraph of the sixth clause is as follows: "The trust hereby created shall continue during the natural life of the survivor of said James C. Sowers and Sarah Jane Grear, and upon the death of such survivor, said trustee shall convey the fee to the real estate and deliver all cash, notes and other personal property comprising said trust fund at the date of such death to the Union Academy of Southern Illinois (an Illinois corporation) located at Anna, Illinois, and furnish to said Union Academy a statement of his

acts and doings as such trustee in regard to the principal fund of said trust estate.'' Other provisions follow in reference to the trust but are not material here.

In the answer filed by the Academy it is alleged that it was organized in 1884 with a chartered objective of giving a higher education; that it has from the date of its organization to the present time elected directors and officers and kept and maintained its corporate existence; and that in 1884 there were no high schools in Union county and particularly at Anna and Jonesboro; that it started a school instructing in high school subjects and that in 1894 it received a bequest under the will of Charles M. Willard sufficient to create an endowment fund and also received a site for a school building; that in 1906 by private subscriptions from the citizens of Anna and Jonesboro a school building was erected at a cost of $50,000; that tuition fees were charged and additional funds obtained and added to the endowment fund but that the income from all sources was insufficient to maintain a school and in 1917 it discontinued the school; that thereafter a community high school district was organized at Anna, which acquired the school building and site owned by the defendant, and that it is now using the income from its endowment fund aiding in the support of the community high school; that the high school is teaching the same general subjects as the Academy did prior to 1917; and that such action was confirmed by a decree of the circuit court of Union county entered April 24, 1934. The fund involved in this suit was not before the court in the former litigation.

The most important rule in the construction of wills and the one to which all other rules must bend is that the intention of the testator expressed in his will shall prevail, provided it be consistent with the settled rules of law. *Bradsby v. Wallace*, 202 Ill. 239. All rules of construction yield to the intention of the testa-

tor plainly expressed. *Fifer v. Allen,* 228 Ill. 507. This intention is found by construing the words employed by the testator in the will itself, in the light of his circumstances and surroundings. While it is the intention, as shown in the will itself, that is sought, yet the court in construing a will is not bound to shut its eyes to the state of facts under which the document was made. *Walker v. Walker,* 283 Ill. 11.

Plaintiff contends that the provisions in favor of the Union Academy are void and that the property all goes as intestate property to plaintiff and the estate of her brother, James C. Sowers, deceased. The basis of their claim is that the property given to the Academy is a devise in trust to be terminated whenever the Academy permanently discontinues a school and that the power of disposition given the Academy fails by reason of its vagueness and indefiniteness and that it violates the rule against perpetuities and that since the general scheme of testatrix was to put the property in trust and one of the trusts failing they all fail. The Academy contends that it was a gift *in praesenti* for a charitable use and that its interest is subject only to the trust for the use of the brother and sister during their joint lives or the life of the survivor of them.

Taking the will as a whole and considering all its provisions together it is clear that the deceased's first consideration was support and assistance to her brother and sister. The thoughtfulness with which she safeguarded their welfare is evidenced by the detailed instructions she enjoins upon the trustee in the management of the trust estate. Second to this consideration was her interest in giving her property to a charitable purpose. In the eighth paragraph of the sixth clause above quoted she directs the trustee, after the termination of her brother's and sister's interest, to convey the fee of the real estate and deliver all cash, notes and other personal property held in trust

to the Union Academy and to furnish a report as to the principal of the trust fund. This standing above constitutes a devise to the Academy without any restrictions or limitations upon the gift.

Plaintiff contends that the words "subject to the terms and conditions hereinafter set forth and the trust herein created" as contained in the first lines of the fourth clause refer to the terms and conditions in the fourth clause and the words "trust herein created" evidence an intent that the property shall pass by the fourth clause in trust. We cannot agree with that contention. The words "terms and conditions hereinafter set forth" refer to the terms and conditions set forth in the subsequent provisions of the will and the words "trust herein created" refer to the trust created in the sixth clause for the benefit of the brother and sister. The words "hereinafter set forth" as they refer to the terms and conditions and the words "herein created" as they refer to the trust are locative words, locating the place where the terms and conditions in the one instance and the trust in the other may be found. The will must be construed as a whole and every clause and word given legal effect if it is at all possible.

Gifts to charity are looked upon with favor by the courts and they will indulge every presumption consistent with the language used to sustain such gifts. *Skinner v. Northern Trust Co.,* 288 Ill. 229; *Franklin v. Hastings,* 253 Ill. 46; *Morgan v. National Trust Bank,* 331 Ill. 182.

Plaintiff contends that the direction in the will that the property when turned over to the Academy shall become a part of its endowment fund is to be treated as creating a trust in the hands of the Academy for a particular purpose. By the eighth paragraph of the sixth clause the trustee is directed at the termination of the life estates to convey to the Academy the fee to

the real estate and deliver absolute possession of the personal property and by the fourth clause she "devises and bequeaths" the real and personal and in the second sentence of the fourth clause she provides that in the event of the death of her brother and sister prior to her death "the title to all my real estate shall vest in said Union Academy at my death and my executor shall turn over my personal property to said legatee on the completion of administration upon my estate" all of which evidences an intention of the testatrix to vest the title to all property both real and personal in the Academy immediately upon the termination of the life interests of her brother and sister.

The Academy being a charitable organization, chartered for the purpose of furnishing higher education, was dependent upon charity for funds to carry out its corporate purpose. It has the corporate power to carry money as an endowment fund and use the income therefrom for its current expenses and the direction in the will to place the money in an endowment fund was but an incident in the administration and handling of the fund. The reference to carrying the money in an endowment fund is not as a condition upon which the gift is made. It was a gift to a charitable institution to be used by it for the charitable purpose for which the Academy was organized, higher education, and the direction to carry it in an endowment fund did not limit the use or mark it for any particular purpose so as to constitute it a trust fund. The will does not direct that the property when in the endowment fund shall be used for any special purpose. The fund and the income from it were to be used by the Academy in such manner and for such purpose as it deemed best to further its corporate purposes.

Plaintiff relies upon *Hobbs v. Board of Education,* 126 Neb. 416, 253 N. W. 627, as supporting its theory that a gift to an endowment fund of a charitable insti-

tution is a gift in trust but an examination of that case discloses that the instrument under which the gift was made provided that the gift was made ''for the purpose of endowment for said institution, and to be invested and preserved inviolable as such'' and upon (condition that) a like amount should be raised from other sources and ''set apart inviolably as endowment for said college.''

Plaintiff also cites in support of this proposition *Monticello Seminary v. Board of Review,* 249 Ill. 481, 485, wherein the court said: ''There is a clear distinction between this endowment fund held by the institution in trust and the other credits which can be invested by the trustees of the institutions for profit in any way that the trustees desire.'' The court was considering what property of the Seminary was taxable. It appears that the donation and in connection with which the above language was used was a sum given to the Seminary for the purpose of furnishing free scholarship to be paid out of the annual income of said endowment. We do not regard either of said cases as controlling here.

Plaintiff's further contention is that the last paragraph of clause 4 ''in case the school conducted by said corporation shall at any time be permanently discontinued said property may be applied to such purpose or purposes as said corporation may deem best'' gives the Academy the right to apply it to a charitable or private purpose and since it might at some time go to a private purpose it violates the rule against perpetuities and is therefore void. Our construction of the provisions of the will is that the testatrix intended that the Academy should take the absolute title to the property for charitable purposes and we do not see anything in the quoted provision that places any limitation upon the purpose of the gift as expressed in other parts of the will. The words ''purpose or pur-

poses as said corporation may deem best'' refers to the purpose or purposes within its corporate powers. Its corporate power was to furnish higher education but it is not alleged or claimed that its charter required it to reach that objective by maintaining a school under its own direct supervision and at its own exclusive expense.

Since we construe the will as evidencing the intention of the testatrix to create a charity and to give the fund absolute to that charitable purpose the mismanagement of it by the Academy or its application to a wrong purpose would be a breach of a trust with which the attorney general or State's attorney representing the public would be charged with protecting. *McGee v. Vandeventer*, 326 Ill. 425.

''In gifts for charitable uses the law draws a clear distinction between those parts of the writing conveying them which declare the gift and its purposes and those which direct the mode of its administration. Where a vested estate is distinctly given for charitable uses and there are annexed thereto conditions, limitations, powers, trusts, or other restraints relative to its use, management or disposal, any of which are not sanctioned by law, it is such restraints, and the estates limited on them, that are void and not the principal or vested estate. Unreasonable or illegal provisions for the management may be attached to the gift, but this does not annul the gift.'' *Webb v. Webb*, 340 Ill. 407.

The court arrived at a correct construction of the will and its decree is affirmed.

*Affirmed.*