Benjamin Seaman, Plaintiff-Appellant, v. Lawn Savings and Loan Association, a Corporation, et al., Defendants-Appellees.

Gen. No. 54,631.

First District, Fourth Division.

August 19, 1970.

Philip S. Aimen, Morris Topol, and Martin S. Gerber, of Chicago (Philip S. Aimen, of counsel), for appellant.

Pope, Ballard, Kennedy, Shepard & Fowle, of Chicago (Jack Osswald and Michael A. Warner, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Plaintiff has presented his case in this court as an interlocutory appeal under Supreme Court Rule 307(a) (Ill Rev Stats 1969, c 110A, § 307(a)), claiming that, by the two orders appealed from, the trial court had refused to modify an injunction. Defendant Federal Savings and Loan Insurance Corporation, as Receiver for Lawn Savings and Loan Association, has moved to dismiss the appeal.

In 1966, plaintiff filed his complaint, alleging in Count I that he was entitled to an accounting from Lawn, and in Counts II through VIII seeking reimbursement from certain mortgagors. Some two years later, Lawn became insolvent, a receiver was appointed, and in May, 1968, a liquidation proceeding was commenced. On June 17, 1968, an injunction was entered in the liquidation case restraining all persons from attempting to obtain any judgment against Lawn, or proceeding against its assets.

On July 17, 1969, plaintiff presented a two-part motion in the instant case: (1) for leave to file an amended complaint; and (2) for modification of the injunction in the liquidation proceedings to permit him to pursue his claim for accounting against Lawn in this case.

The proposed amended complaint in Counts I, II and III would again have sought an accounting from Lawn, adding as a defendant the Federal Savings and Loan Insur-

ance Corporation, as Receiver for Lawn; and in Counts IV through XI would again have sought other relief from mortgagors. Thus, the part of plaintiff's motion asking for modification of the injunction had no bearing upon any counts of the proposed amended complaint other than Counts I, II and III.

After hearing, an order was entered on October 10, 1969, denying both parts of plaintiff's motion, without prejudice to plaintiff's right to seek redress in the liquidation proceeding.

On November 3, 1969, plaintiff presented a motion for "modification and correction" of the order of October 10, 1969. In this motion, plaintiff again asked for leave to file an amended complaint, but this time limited to Amended Counts IV through XI. The concluding paragraph of the motion stated:

> It was the intention of this Court to deny to the plaintiff leave to file Counts I, II, and III of the Amended Complaint as to defendant, Lawn Savings and Loan Association, and as to the Federal Savings and Loan Insurance Corporation and not to deny leave to file Counts IV through XI of the Amended Complaint as to the other defendants, so that the order of October 10, 1969 should be modified and corrected accordingly and plaintiff should be given leave to file Counts IV through XI inclusive of the Amended Complaint instanter.

The motion was denied.

Thereafter, on November 26, 1969, plaintiff filed a Notice of Interlocutory Appeal, purporting to appeal from both the order of October 10, 1969, and the order of November 3, 1969, specifically describing the latter order as having denied to plaintiff "leave to file Counts IV through XI of the Amended Complaint."

183

In the F. S. L. I. C. motion to dismiss this appeal, it is pointed out that Rule 307, which is the only authority for interlocutory appeals relating to injunctions, establishes a period of 30 days within which a notice of appeal must be filed in order to perfect the appeal. If we assume that the order of October 10 was appealable under Rule 307 (even though it was entered in an action other than the one in which the injunction had been entered), it is apparent that the Notice of Appeal filed on November 26 did not meet this time restriction for the purpose of appeal from the order of October 10, unless the permissible time was extended in some way.

■■ Plaintiff argues that his motion of November 3, being within 30 days after the order of October 10, started over again the time for filing a notice of appeal, under the authority of section 68.3 of the Civil Practice Act. Ill Rev Stats 1969, c 110, § 68.3. But that statute deals with motions to vacate or modify final decrees or final judgments in cases tried without a jury. It does not appear to have any relation to interlocutory orders.* The same is true, also, of the tolling of time after final judgment by the filing of a post-trial motion as provided for in Supreme Court Rule 303(a). Ill Rev Stats 1969, c 110A, § 303(a).

■ Furthermore, as can be seen from the factual recital above, the motion of November 3 did not ask the court to vacate or modify the October 10 order in its entirety. It sought a modification only with respect to those counts of a proposed amended complaint which were outside the scope of the relief which plaintiff

---

* This interpretation of the statutory language is borne out by the Joint Committee Comments which refer to the fact that the section "provides a procedure for post-trial motions in nonjury cases comparable to the procedure prescribed by section 68.1 for motions after verdict in jury cases." SHA c 110, § 68.3.

had sought through modification of the liquidation proceeding's injunction as it related to plaintiff's claim for accounting against Lawn. The only part of the October 10 order which might be considered "injunctional" in its nature, was therefore not affected, and any issue relating thereto remained settled and disposed of. See Kerner v. Thompson, 365 Ill 149, 155, 6 NE2d 131.

■ The notice of appeal filed on November 26 would have been timely if the order of November 3 denying leave to file an amended complaint were appealable. Plaintiff asks us to consider the November 3 order as appealable either as an interlocutory injunctional order under Rule 307, or as a final judgment under Rule 303, and plaintiff's notice of appeal has been amended accordingly. We think it was neither, and therefore not appealable. Koontz v. Public Service Co., 325 Ill App 260, 59 NE2d 351; Allensworth v. First Galesburg Nat. Bank, 15 Ill App2d 49, 145 NE2d 264.

The case is still pending on the issues drawn under the original complaint, and there has been no final disposition of the rights of the parties. See Harris Trust & Savings Bank v. Briskin Mfg. Co., 63 Ill App2d 12, 211 NE2d 32.

Appeal dismissed.

STAMOS, P. J. and DRUCKER, J., concur.