(No. 24961.—

ETHYLE JONES *et al.* Appellants, *vs.* EDWIN G. PEBLER *et al.*
—(J. H. COWNIE COMPANY *et al.* Appellees.)

*Opinion filed April 14, 1939.*

GUY C. GUERINE, and LESLIE J. SMITH, JR., for appellants.

HADLEY & WEAVER, (HARRY G. WEAVER, of counsel,) for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiffs, Ethyle, George Henry, Frederick W. and Helen Jones, brought an action in the circuit court of DuPage county against the defendants, Edwin G. Pebler, J. H. Cownie Co., a corporation, and John H. Cownie and J. M. Schiltz, doing business as J. H. Cownie Co., to recover damages for personal injuries sustained in an automobile collision near the village of Glen Ellyn on October 31, 1936. By their amended complaint plaintiffs charged that Pebler was in possession and control of an automobile which he was driving for and on behalf of the co-defendants as their agent, servant or employee. The defendants, non-residents of Illinois, were served with process conformably to the provisions of section 20a of the Motor Vehicle act. Service upon Pebler was not challenged. Appearing specially the corporate defendant, Cownie and Schiltz interposed motions to quash the service of summons on the ground, among others, that neither on the day named, nor at any other time, did they use and operate a motor vehicle over the highways of this State as a corporation, a partnership, individually or otherwise, personally or through an agent. The motions to quash were sustained, and the amended complaint dismissed as to all the defendants except Pebler. An appeal to the Appellate Court for the Second District by the plaintiffs resulted in an affirmance. (*Jones* v. *Pebler,* 296 Ill. App. 460.) The Appellate Court has granted a certificate of importance and the cause is before us for further review. Pebler is not a party to this appeal.

By an act approved June 25, 1929, section 20a was added to the act in relation to motor vehicles. Section 20a (Ill. Rev. Stat. 1937, chap. 95½; par. 23, p. 2092) so far as pertinent, provides: "The use and operation by a non-

resident of a motor vehicle over the highways of the State of Illinois, shall be deemed an appointment by such non-resident of the Secretary of State, to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him, growing out of such use or resulting in damage or loss to person or property, and said use or operation shall be a signification of his agreement that any such process against him which is so served, shall be of the same legal force and validity as though served upon him personally."

Plaintiffs contend that the operation and use of an automobile on the highways of this State by a servant, agent or employee of a non-resident corporation or the individual members of a partnership, render the superior amenable to the quoted provisions of the statute. To sustain the judgment of the Appellate Court, defendants maintain that section 20a is applicable only to individuals who are in actual possession of and driving an automobile within the State, and, conversely, that the statutory provisions for service on non-residents do not apply to a non-resident principal whose agent, also a non-resident, operates his own or his principal's automobile on the highways of Illinois. A primary purpose of statutory construction is to ascertain the intention of the legislature. In determining this intent courts consider the language used, the evil to be remedied and the object to be attained. (*Burke* v. *Industrial Com.* 368 Ill. 554; *Schoellkopf* v. *DeVry,* 366 id. 39; *People* v. *Hughes,* 357 id. 524.) If the language employed admits of two constructions, one of which makes the enactment absurd, if not mischievous, while the other renders it reasonable and wholesome, the construction which leads to an absurd result should be avoided. *Burke* v. *Industrial Com. supra; Patterson Pure Food Pie Co.* v. *Industrial Com.* 335 Ill. 476.

At least thirty-five States authorize the commencement of suit against non-resident motorists by substituted service

on a public official of the State where the cause of action arises, the official being made for this purpose the agent or attorney of the non-resident motorists. These statutes usually make the mere operation of a motor vehicle on the highway by a non-resident the equivalent of a formal appointment of a public officer as agent for receiving service of process. (Maurice S. Culp, "Process in Actions against Non-Resident Motorists," 32 Michigan L. R. p. 325.) In *Pawloski* v. *Hess*, 250 Mass. 22, referring to statutory provisions corresponding to section 20a of our Motor Vehicle law, the Supreme Judicial Court of Massachusetts said: "The aim of the statute is to facilitate the enforcement of civil remedies by those injured in their person or property by the negligent or wanton operation of motor vehicles upon the highways of this Commonwealth. * * * The general court well may have thought that one effective means for curbing negligence or wanton misconduct in the operation of motor vehicles would be the existence of swift, inexpensive and adequate remedy for injuries flowing therefrom. When one sustaining damage within this Commonwealth from the negligence or wanton misconduct of a non-resident is compelled to seek relief in the courts of a jurisdiction where personal service of process may be made upon him, 'in many instances the cost of the remedy would' largely exceed 'the value of its fruits. * * * The result would be, to a large extent, immunity from all legal responsibility' on the part of such non-resident." Affirming the judgment of the Massachusetts court, the Supreme Court of the United States (*Hess* v. *Pawloski*, 274 U. S. 352) said: "Motor vehicles are dangerous machines; and, even when skillfully and carefully operated, their use is attended by serious dangers to persons and property. * * * The measure in question operates to require a non-resident to answer for his conduct in the State where arise causes of action alleged against him, as well as to provide for a claimant a convenient method by which he may sue to enforce his rights."

In like fashion section 20a expresses the manifest legislative intent of conferring jurisdiction of suits against non-resident motorists on the courts of Illinois to the end that compensation for injuries to local residents may be obtained. Admittedly, the policy is as desirable when the driving is done on behalf of a non-resident by an agent, chauffeur, servant or a third person with consent, as when by the non-resident himself. "The potential harm," it has been well said, "is as great whether the non-resident owner himself or another be driving his car, and the necessity for resorting to substituted service is just as pressing." (Culp, "Process in Action against Non-Resident Motorists," *supra.*) Again, it has been pertinently observed: "The large proportion of cars owned and operated by foreign corporations and partnerships was as obvious to the legislature as was the fact that a corporation can perform such physical acts as operating a car only through agents." (6 University of Chicago L. R. p. 122.) Section 20a provides that the mere use or operation by a non-resident of a motor vehicle on a highway of this State serves automatically to appoint the Secretary of State as attorney to receive service of process, and the "use or operation," the law ordains, shall be a signification that such substituted service shall be of the same legal force and validity as personal service. The word "non-resident" appears without definition, does not purport to be limited to non-resident natural persons, and is obviously broad enough to include every non-resident, individual or corporate, owner or non-owner, using and operating a motor vehicle over Illinois highways. In short, a non-resident, within the contemplation of section 20a may be a non-resident corporation or an individual member of a non-resident partnership.

Defendants nevertheless place reliance on *O'Tier* v. *Sell,* 252 N. Y. 400, which construed section 52 of the Vehicle and Traffic law of New York, in force in 1929, providing for constructive service upon a non-resident in an action

"growing out of any accident or collision in which such non-resident may be involved while *operating* a motor vehicle." The statute was held inapplicable to the operation of a motor vehicle on the highways of New York by a third party with the permission of the non-resident owner. Conversely, the application of the statute was limited to those non-residents who personally drove or operated their automobiles. The Illinois law, according to defendants, was based upon the New York statute construed in *O'Tier* v. *Sell, supra.* The New York statute had not, however, been construed by the court of last resort of the State of New York at the time our law was enacted. The Illinois statute was approved June 25, 1929, and the *O'Tier case* was decided January 7, 1930. When a statute is adopted from another State, the judicial construction previously placed on the statute by the courts of that State accompanies it, and is treated as incorporated therein. (*Kerner* v. *Thompson,* 365 Ill. 149; *People* v. *Linn,* 357 id. 220.) Where, however, our own legislature adopts an act of a foreign jurisdiction prior to the judicial construction of such act by the courts of the foreign State our courts are not necessarily bound by the subsequent construction. (2 Lewis' Sutherland on Stat. Const. (2d ed.) sec. 404; *Wilcox* v. *Bierd,* 330 Ill. 571; *People* v. *Griffith,* 245 id. 532.) Moreover, a comparison of the Illinois statute with the New York statute construed in the *O'Tier case* discloses important points of dissimilarity. While the New York statute made only the *"operation"* by a non-resident of a motor vehicle on a public highway of the State the basis of constructive service, the Illinois statute employs the more comprehensive expression, *"use and operation."* Again, instead of the following language in the New York act, "in any action * * * growing out of any accident or collision in which such non-resident may be involved, while *operating* a motor vehicle on such a public highway, and such *operation* shall be deemed a significa-tion," etc., the Illinois statute reads: "In any action or

proceeding * * * growing out of such *use* or resulting in damage or loss to person or property, and said *use or operation* shall be a signification," etc. Not only was the New York case upon which defendants rely decided subsequent to the enactment of section 20a of the Illinois Motor Vehicle law but, in addition, the statutory provisions of the two States differ in the essential respects enumerated.

Likewise, reliance upon *Brown* v. *Cleveland Tractor Co.* 265 Mich. 475, cannot avail defendants. The Michigan act, in force August 28, 1929, subsequent to the effective date of the Illinois law, is practically identical with the New York law. In the case cited the court restricted the application of the statute to those non-residents who personally drove their automobiles. It may be observed that the New York and the Michigan statutes construed in *O'Tier* v. *Sell, supra,* and *Brown* v. *Cleveland Tractor Co. supra,* as applying only to the operation by a non-resident of a motor vehicle on public highways in those States, have both since been amended by adding the words, "or the operation on a public highway in this State of a motor vehicle * * * owned by a non-resident, if so operated with his consent, express or implied." Neither statute incorporated the word "use" which is employed three times in the Illinois law. On the other hand, the word "owner" does not appear in our statute.

Plaintiffs have recourse to cases construing statutes expressly applying to the operation by a non-resident operator, owner or chauffeur. *McLeod* v. *Birnbun,* 185 Atl. (N. J.) 667, is illustrative. The New Jersey statute, construed in the case cited, provides that: "Any chauffeur, operator or owner of any motor vehicle, not licensed under the laws of the State * * *, who shall accept the privilege extended to non-resident chauffeurs, operators and owners by law of driving such a motor vehicle or of having the same driven or operated in the State * * *, without a New Jersey registration or license, shall, by the acceptance and operation of such automobiles within the State," etc., make and

constitute the commissioner of motor vehicles their agent for the acceptance of civil process in any suit or proceeding by any resident of the State, arising out of motor accidents. Substituted service pursuant to the statute on a non-resident corporate defendant in an action resulting from a collision in New Jersey of an automobile driven by its non-resident officer and employee, and owned by a non-resident third party, was held authorized. The Supreme Court of New Jersey pointed out that the quoted statutory provisions, including not only the person who was actually driving the car, who would fall under the designation of chauffeur, but likewise the person in whose behalf the vehicle was being driven, were broad enough to cover a person in whose interest and for whose benefit a car is being operated, although such person may be neither the chauffeur nor the owner.

*Producers' & Refiners' Corp.* v. *Illinois Central Railroad Co.* 73 S. W. (2d) (Tenn.) 174, construed the non-resident statute of Tennessee which applies, as does the New Jersey statute, to any owner, chauffeur or operator of a motor vehicle who shall make use of the privilege of operating such vehicle on the State's highways. Holding that the law was not limited in its application to non-residents personally present and driving the automobile involved but applied as well to a non-resident owner who placed his automobile in the control of an employee and sent it into Tennessee, thereby rendering himself subject to the process defined in the statute, the court said: "Liability to this service of process is cast upon non-residents 'who shall make use of the privilege * * * to operate' on highways within the State; and this liability is cast, not merely upon a non-resident 'while operating,' or upon one whose exercise of the privilege is evidenced by 'his operating' the automobile involved, as in the statutes of New York and Texas, * * * but the non-residents to be affected are classified and identified as 'any owner, chauffeur or operator,' of the automobile involved."

Section 20a of the Motor Vehicle law of this State differs essentially from the statutory provisions in the cases relied upon by both the plaintiffs and defendants. Those cases suffice to illustrate that the class of non-resident motorists affected by the statutes of other States authorizing substituted service is far from uniform. A statute itself affords the best means of its exposition, and if the legislative intent can be ascertained from its provisions such intent will prevail without resorting to other aids for construction. (2 Lewis' Sutherland on Stat. Const. (2d ed.) secs. 348, 366; *Burke* v. *Industrial Com. supra; Schoellkopf* v. *DeVry, supra; People* v. *West Side Trust and Savings Bank,* 362 Ill. 607; *Coon* v. *Doss,* 361 id. 515; *People* v. *Oregon State Savings Bank,* 357 id. 545.) Had the legislature intended to restrict the application of the remedial provisions of section 20a to those non-residents personally operating or using a motor vehicle in Illinois, appropriate language to express its purpose would undoubtedly have been incorporated in the statute. The language of the act is sufficiently comprehensive to apply to non-residents where the motor vehicle is being driven in this State either by themselves or by their agents, servants or employees at the time when its use or operation causes damage to the person or property of an Illinois resident. Manifestly, we are not warranted, under the guise of strict construction, in nullifying the plain legislative intent by excluding the application of the phrases "use and operation" and "use or operation" to cases in which a non-resident individual or foreign corporation permits a motor vehicle to be driven on the highways of Illinois for their benefit by agents, servants and employees.

The judgment of the Appellate Court and the order of the circuit court are each reversed and the cause is remanded to the circuit court, with directions to overrule defendants' motions to quash the service of summons.

*Reversed and remanded, with directions.*