## KANSAS, OKLAHOMA & GULF R. CO. v. HORATH.

No. 30133.   Oct. 28, 1941.

*118 P. 2d 660.*

O. E. Swan and C. A. Conway, both of Muskogee, for plaintiff in error.

I. L. Cook, of Atoka, for defendant in error.

BAYLESS, J. Kansas, Oklahoma & Gulf Railway Company appeals from a judgment of the district court of Atoka county in favor of Earnest Horath.

The action was instituted to recover damages for the killing of plaintiff's mule, and it is not contended the venue is not proper. It is contended that there was no proper service of summons on defendant, a railroad corporation. Sections 178-181, O. S. 1931, 12 O. S. A. §§ 165-168.

It is admitted that defendant did not designate a service agent in the county as it is required by law to do, and therefore service upon some agent within the county was proper (section 180, O. S. 1931, 12 O. S. A. § 167). Among those agents mentioned in said statute is "local superintendent of repairs."

The sheriff's return on the alias summons in this case recites the service on Jack Hoover, personally, local superintendent of repairs of defendant. An amendment thereto negatives the presence of any other corporate agent upon whom service might have been made.

The special appearance and motion to quash the summons for lack of proper service has attached to it the affidavit of Jack Hoover denying (1) he was a citizen or resident of Atoka county; (2) that he was local superintendent of repairs of defendant company; (3) that he had charge or custody of any station or place of business of defendant company in Atoka county; and (4) "that at the time the paper purporting to be a summons in the above-entitled case was served on him he was not in Atoka county." Affidavits relating to proof of service of summons are authorized by statute. Section 292, O. S. 1931, 12 O. S. A. § 431. The matters affirmed in this affidavit are not controverted.

The recital of the officer's return includes, as a part of the printed formal portion of the return, the words "in this county." The rule in Oklahoma is that the recitals of an officer's return are not conclusive, but may be overcome by clear and convincing proof. Ray v. Harrison, 32 Okla. 17, 121 P. 633. This seems to be the general rule in modern cases. 21 R. C. L. 1323, § 70, note 8, and annotations.

This court has also held that the matters affirmed in an affidavit in support of a motion to quash that are not controverted must be taken as true. Wilkinson v. Whitworth, 169 Okla. 286, 36 P. 2d 932. See, also, Am. Dig. (West) Process, Key Nos. 157, 158, for other cases.

The order overruling the motion to quash, in the absence of any effort to contradict the matters affirmed in the affidavit, was erroneous, and the judgment, based on the service attacked and the subsequent proceedings, is without legal foundation and must be vacated.

Judgment reversed and cause remanded.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur.