(No. 31748.—)

ROBERT V. HALE *et al.*, Appellees, *vs.* JACK KINSEY, doing business as Kinsey Produce Company, Appellant.

*Opinion filed January 18, 1951.*

KERN & PEARCE, of Carmi, for appellant.

DAILY & DAILY, of McLeansboro, and LOUIS BEASLEY, of East St. Louis, for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

The defendant, Jack Kinsey, doing business as Kinsey Produce Company, appeals to this court from an order of the circuit court of White County, denying his motion to vacate a judgment against him in favor of the plaintiffs in the total amount of $6000 and costs in said cause. He asserts that a constitutional question is involved and, therefore, has filed his appeal directly to this court.

From the record it appears that the plaintiffs filed their complaint in the circuit court of White County on October 11, 1948, by which they alleged that they had sustained damages by reason of an accident which occurred in that county on May 7, 1948, with a vehicle operated by the defendant through his agent and servant. They likewise filed a demand for jury at the same time they filed their complaint. Summons was issued in the cause and was filed with the Secretary of State. An affidavit of com-

pliance with the provisions of section 20a of the Motor Vehicle Act was filed in the circuit court. In the affidavit of compliance it appeared that, within ten days after the summons was filed with the Secretary of State, the defendant, Jack Kinsey, was served with a true and correct copy of the summons and also a copy of the notice of filing in the office of the Secretary of State as required by the said statute. This was done by registered mail and a return receipt with the signature of Jack Kinsey was also filed in the circuit court.

No answer was filed by the defendant, Jack Kinsey, and subsequently the cause was set for hearing on the trial calendar of the court for May 31, 1949. The case was called and the defendant was defaulted. An affidavit of nonmilitary service was filed and the plaintiffs waived trial by jury. The witnesses were sworn and evidence was heard and judgment was entered in favor of each of the plaintiffs in the sum of $3000 and costs of suit.

On December 31, 1949, the defendant, Jack Kinsey, filed his motion to vacate the judgment and to quash the service. By his motion he limited his appearance to the purpose of the motion and alleged that the court was without jurisdiction, that there was no legal service of process had, that the filing of the summons with the Secretary of State was not a service of process, and that section 20a of the Motor Vehicle Act (Ill. Rev. Stat. 1949, chap. 95½, par. 23,) is unconstitutional. After a hearing on this motion the court denied the same, from which order this appeal has followed.

In this court the defendant contends that the circuit court was without jurisdiction of the person of the defendant since no summons had been served upon him or any agent or representative of his. He likewise contends that section 20a, which permits a summons to be filed with the Secretary of State is unconstitutional because it constitutes taking of property without due process of law and is class

legislation. He further alleges that there is not a sufficient allegation in the complaint to authorize and permit the plaintiffs to proceed under section 20a.

In the case of *Jones* v. *Pebler,* 371 Ill. 309, we had occasion to construe, pass upon and approve the same statute which is here involved. At that time the wording of the portions complained of in the case at bar was the same as it is now. In that case we reviewed the history of such statutes and numerous decisions of courts from other jurisdictions, including the Supreme Court of the United States. In view of the fact that the portions of the statute complained of in the case at bar have not been changed since our decision in the case of *Jones* v. *Pebler,* we believe that no real constitutional question is here presented for our determination. The cause will, therefore, be transferred to the Appellate Court, Fourth District.

*Cause transferred.*