## Robert V. Hale and Joe Russell, Plaintiffs-Appellees, v. Jack Kinsey, Trading as Kinsey Produce Company, Defendants-Appellants.

### Term No. 51–M–2.

Opinion filed September 20, 1951. Released for publication October 31, 1951.

KERN & PEARCE, of Carmi, for appellants.

DAILY & DAILY, of McLeansboro, and LOUIS BEASLEY, of East St. Louis, for appellees.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal by appellant, Jack Kinsey, doing business as Kinsey Produce Company (hereinafter called defendant), from an order of the circuit court

of White county entered on June 9, 1950 denying defendant's motion to vacate judgment and to quash service.

This cause was originally appealed directly to the Supreme Court of this State, but was transferred to this court for the reason that no constitutional question was involved as the statute challenged had already been held constitutional in the case of *Jones v. Pebler,* 371 Ill. 309.

In October of 1948 the appellees, Robert V. Hale and Joe Russell (hereinafter called plaintiffs) had filed a complaint as against the defendant in the circuit court of White county. The complaint consists of two counts, one filed on behalf of each of the plaintiffs. The complaint alleged that plaintiffs were residents of Hamilton county, Illinois, and that defendant, Jack Kinsey "so far as these plaintiffs are informed and believe, resides in the City of Trenton, in the State of Tennessee." The allegations of the complaint alleged specific violations of the Motor Vehicle Act resulting in damage to the plaintiffs. Service was had upon the defendant under the provisions of par. 23, ch. 95½, of Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 85.023], which provides for service upon the Secretary of State.

After service was had on the Secretary of State, so far as the record discloses, the notice was properly sent and received by defendant in accordance with the statute. The affidavit of compliance alleging positively that notice was received and that defendant Jack Kinsey was a resident of Trenton, Tennessee, was filed in this cause. After the expiration of seven months, during which time defendant did not appear in any manner, the cause came up for hearing on the regular calendar. Jury trial was waived by plaintiffs and on motion of plaintiffs, defendant was called and defaulted. Witnesses were sworn and evidence was heard, after which judgment was entered in favor of

plaintiffs and as against defendant, in the sum of $3,000 each.

The judgment was entered on June 15, 1949. On December 31, 1949, defendant, through his attorneys, under a limited appearance, filed a motion to vacate judgment and to quash service, setting up as grounds therefor that there was no allegation in the pleading setting forth that defendant was not a resident of the State of Illinois, except upon information and belief, and that that was insufficient to entitle plaintiffs to rely upon substituted service provisions allowing the service upon the Secretary of State.

The allegation in the complaint and affidavit of compliance specifically showed the residence of the defendant as being Trenton, Tennessee. Under the record, service was had on the defendant as provided by the statute referred to. No showing is made by the motion which would show freedom from negligence or a meritorious defense on part of defendant, or that defendant had no notice in fact. There is no contention made that the affidavit of compliance does not in every respect meet the requirements of the Act referred to, nor is there any assertion by defendant that notice was not served upon him as provided by the statute. We find no merit in the contention that the allegations of the complaint and the affidavit of compliance would operate to deprive the plaintiffs of the benefits of the Act providing for substituted service upon the defendant through service upon the Secretary of State.

Upon a review of the record we find no basis in fact for the allowance of the motion and feel that the allowance of such motion would be unwarranted as a matter of law. The judgments of the circuit court of White county will, therefore, be affirmed.

*Judgments affirmed.*

BARDENS, J. and SCHEINEMAN, J., concur.