**HAYES FREIGHT LINES, an Illinois corporation, Petitioner,**

**v.**

**W. L. CHEATHAM, Judge of the Superior Court of Creek County, Oklahoma, Bristow Division, Respondent.**

**No. 36634.**

Supreme Court of Oklahoma.

Nov. 3, 1954.

Rehearing Denied Dec. 14, 1954.

Ensel, Martin, Jones & Blanchard, Springfield, Ill., Farmer, Woolsey, Flippo & Bailey, Tulsa, for petitioner.

Walter N. Jones and Worth B. McCauley, Bristow, for respondent.

JOHNSON, Vice Chief Justice.

This is an application of the Hayes Freight Lines, an Illinois Corporation asking this Court to assume original jurisdiction for the purpose of exercising supervisory control over W. L. Cheatham, Judge of the Superior Court of Creek County, Oklahoma and petition for a Writ of Prohibition.

The Petitioner, a nonresident has been sued in said Superior Court in cause No. 4826 by Irving Robbins, Administrator of the estate of Allen Eugene Fielder, deceased, for the sum of $391,860.45 for the alleged wrongful death of deceased and served with summons by serving the Secretary of State of Oklahoma, purportedly under the provisions of 47 O.S.1951 § 391 et seq.

The record discloses that on the 5th day of November, 1953, within Creek County, Oklahoma, the deceased, when the accident occurred which caused his alleged wrongful death, was using a semi-trailer owned by the Hayes Freight Line Co. which it had left empty in Kansas City, Kansas, with the Southwest Freight Lines through a loan, interchange or interline agreement with Southwest Freight Lines. The Southwest Freight Lines was licensed to do business in Oklahoma. The Hayes Company was not so licensed.

The deceased owned a diesel truck tractor, rented it to the Southwest Freight Lines which used it in pulling the Hayes Company's trailer and deceased, as an employee of Southwest Freight Lines, was driving it at the time of the accident, and hauling a cargo of meat in the trailer for the Southwest Freight Lines consigned to Swift Packing Company of Oklahoma City and Shawnee, Oklahoma. Neither the deceased nor the Southwest Freight Lines represented the Hayes Freight Lines as agents or otherwise in the transportation of this cargo. The only connection of Hayes Freight Lines with the cargo and vehicle was that it admittedly owned the trailer left with Southwest as aforesaid, which could only have been used by the Southwest Freight Lines as lessee or bailee.

The petitioner's complaint grows out of a ruling where the respondent, Judge of the Superior Court, assumes to exercise jurisdiction over a foreign corporation not operating a truck line in Oklahoma, nor engaged in "the use and operation of a motor vehicle in this State on the public highways thereof". 47 O.S.1951 § 391.

The nonresident motorist statute of Oklahoma, 47 O.S.1951 § 391 et seq. imposing a contractual obligation on nonresident motorists who use the highways of this State for the operation of their motor vehicles is in derogation of the common law and affects substantial rights so that the statutes cannot be extended by implication but must be strictly construed. See Boulay v. Pontikes, D.C.Mo., 93 F.Supp. 826, and cases cited therein for construction of an almost identical statute.

Sections 391 and 392, 47 O.S.1951, provide:

"§ 391. The use and operation of a motor vehicle in this State on the public highways thereof by a person who is a nonresident of this State shall be deemed:

"(a) an agreement by him that he shall be subject to the jurisdiction of the district courts of this State over all civil actions and proceedings against him for damages to person or property growing or arising out of such use or operation, and

"(b) an appointment by such nonresident of the Secretary of State, of this State as his lawful attorney upon whom may be served all summons or original notices of suit pertaining to such actions and proceedings, and

"(c) an agreement by such nonresident that any summons or original notice of suit so served shall be of the same legal force and validity as if personally served on him in this State.

"§ 392. The term 'person', as used in this Act, shall mean:

"(a) the owner of the vehicle whether it is being used and operated personally by said owner, or by his agent or employee;

"(b) an agent or employee using and operating the vehicle for his principal;

"(c) any person who is in charge of the vehicle and of the use and operation thereof with the express or implied consent of the owner. Laws 1941, p. 199, § 2."

■ Obviously the purpose or aim of the statute is to facilitate the enforcement of civil remedies by those injured in their person or property. by the negligent or wanton operation of motor vehicles upon the highways of this state, and the statute is, in our opinion, an effective means of curbing negligence or wanton misconduct in the operation of motor vehicles upon our highways in that there is provided a swift inexpensive and adequate remedy for injuries flowing therefrom. The Act, Sec. 391 et seq., supra, operates to confer jurisdiction upon state courts and requires a nonresident motorist to answer for his conduct in the state where arise causes of action alleged against him, as well as to provide for a claimant a convenient method by which he may sue and obtain substituted service to enforce his rights. Jones v. Pebler, 371 Ill. 309, 20 N.E.2d 592, 125 A.L.R. 451. But before valid substituted service may be had upon a nonresident motorist under the Act, Sec. 393 et seq., 47 O.S.1951, sufficient to confer jurisdiction in our state courts over such nonresident motorist, the motorist must come within the terms or provisions of the statute.

There are two reasons in the case at bar why substituted service upon the petitioner is invalid. First, a trailer is not a motor vehicle within the terms of the Act, Sec. 391, supra. Glover v. Daniels Motor Freight, Inc., D.C., 101 F.Supp. 97, and service on nonresident owner of trailer, is not authorized. See Glover case, supra, and Stouffer v. Eastern Motor Dispatch, Inc., 1951, 80 Pa.Dist. & Co. 30. The definition of Motor Vehicle in the statute on motor carriers, 47 O.S.1951 § 161, which includes a trailer, does not apply in the instant case, though respondent contends that it does. Second, the trailer was not used and operated on Oklahoma's public highways by the owner, Hayes Freight Lines, or by its agent or employee. Sec. 392, supra. Jones v. Pebler, supra; Skutt v. Dillavou (Schaeffer v. Dillavou), 234 Iowa 610, 13 N.W.2d 322, 155 A.L.R. 327.

■ Petitioner's objection to the Superior Court's jurisdiction is well taken. The service of summons was insufficient to confer jurisdiction over it, a foreign corporation, and prohibition is the proper remedy to prevent the superior court from proceeding further. State ex rel. Oak Park Country Club v. Goodland, 242 Wis. 320, 7 N.W. 2d 828, 144 A.L.R. 1451; Boulay v. Pontikes, supra, unless, as contended by respondent, the petitioner has, in addition to its objection to the court's jurisdiction, made its general appearance and asked for affirmative relief. In which case petitioner's remedy would be confined to its right of appeal.

■ The facts upon which the respondent bases his argument that Hayes Freight Lines' remedy is by appeal and not by prohibition is: First, that it filed a motion for removal to a Federal District Court which cause was remanded to the respondent's court (State court) without action. The filing of such motion was not equivalent to the entry of a general appearance which would give jurisdiction to the State court. Michigan Central Railroad Co. v. Mix, 278 U.S. 492, 49 S.Ct. 207, 73 L.Ed. 470. Second, that after the respondent (Superior Court) overruled petitioner's (defendant's) special appearance and mo-

tion to quash service of summons and objections to jurisdiction and venue, with exceptions, it was required to plead or answer within a specified time, which it did by filing a demurrer in which it renewed its jurisdictional objections for the reasons that the pleadings showed that it was not operating any equipment within the state of Oklahoma and therefore was not subject to service of process under the nonresident Motor Vehicle Operator's Act, supra. Third, that petitioner (defendant) filed its motion to make more definite and certain, which in part was sustained. This argument is neither impressive nor persuasive.

In Ada Dairy Products Co. v. Superior Court, Okl., 258 P.2d 939, we held that where an inferior court is exercising unwarranted jurisdiction in violation of a sovereign policy the fact that a party litigant therein may have entered a general appearance does not prejudice the rights of the State to protect the integrity of the administration of justice. That the benefit to the litigant therefrom is but incident to the exercise of power by the state, which power cannot be impaired by such appearance; and that by Sec. 2, Art. 7, of the Constitution the Supreme Court is given jurisdiction to exercise a general superintending control over all inferior courts, and that such jurisdiction is a separate and distinct grant from its appellate jurisdiction. The ruling in Harris Foundation v. District Court, 196 Okl. 222, 163 P.2d 976, 981, 162 A.L.R. 272, was to the same effect. Therein quoting from State ex rel. Freeling v. Kight, 49 Okl. 202, 152 P. 362, concerning Sec. 2, Art. 7, of our constitution, this Court said:

"'It was not designed for ordinary appellate jurisdiction, but was in the nature of an original jurisdiction, conferring upon this court that authority necessary to keep subordinate courts, commissions, and boards within due bounds, and to insure a harmonious working of the judicial system within this state, according to due course of procedure.'

"In such situation the action of this court is motivated by the purpose of preserving the integrity of the administration of justice and cannot be precluded by the fact a party litigant may be held to have entered an appearance. Oklahoma Industrial Finance Corporation v. Wallace, 180 Okl. 363, 69 P.2d 362."

Paraphrasing our former opinion, Harris case, we conclude that respondent is attempting to exercise excessive and unauthorized judicial power, and that the remedy by appeal is not adequate.

Writ granted.

HALLEY, C. J., and CORN, DAVISON and WILLIAMS, JJ., concur.

WELCH, ARNOLD and BLACKBIRD, JJ., dissent.