KENITEX CORPORATION, a corporation, Petitioner,

v.

G. B. Chuck CORYELL, Judge of the Superior Court of Creek County, Oklahoma, and Kenneth Hughes, Judge of the District Court of Creek County, Oklahoma, Respondents.

No. 38825.

Supreme Court of Oklahoma.

April 26, 1960.

Sanders & McElroy, Tulsa, for petitioner.

WILLIAMS, Vice Chief Justice.

Kenitex Corporation, hereinafter referred to as petitioner, has filed an application requesting this court assume jurisdiction of its original action and prohibit respondents from proceeding further in three separate actions pending in the respective courts over which they preside.

Plaintiffs in said actions, the owner of and two passengers in an automobile involved in an accident, are suing defendants for damages to the car and for personal injuries resulting from such accident.

This accident occurred while defendant Jones, an employee of defendants J. S. Price and Sam O. Smith, partners, was en route from Beaumont, Texas, to Tulsa, Oklahoma, to pick up a paint spraying machine being purchased from defendant Jack Nafe. Defendant General Construction of Tulsa, Inc. and its salesmen, F. C. Wilson and Art Markham, also named as defendants, and petitioner were made parties defendants on the theory that "Said defendants each and at all times material hereto were engaged in a joint and common mission and business purpose and venture for their mutual benefit and profit in promoting, selling, and applying a protective coating known as Kenitex, and related activities, said Kenitex being manufactured by defendant Kenitex Corporation (petitioner) * * *" and further allegation that each defendant was agent for the other codefendants.

Petitioner was served, by serving the Secretary of State of Oklahoma, under the nonresident motor vehicle statute, Sec. 47 O.S.1951 § 391 et seq.

Petitioner filed a special appearance and motion to quash and plea to venue and jurisdiction, supported by an affidavit, in each of the three actions.

These affidavits were to the effect that petitioner does not manufacture or regularly sell paint applicating machines; that it does not apply the paint but only sells such paint to dealers and applicators F.O.B. Los Angeles; and that the other codefendants were not its agents, servants or employees and it was not engaged in any joint enterprise, business act or operation with such defendants. Plaintiffs offered no counter-affidavits or evidence.

Respondents overruled the petitioner's pleas to the jurisdiction in their respective courts, whereupon petitioner filed in this court a petition for writ of prohibition praying that this court assume jurisdiction and issue the writ prohibiting respondents from proceeding further in said causes.

We believe that the rule in Hayes Freight Lines v. Cheatham, Okl., 277 P.2d 664, 48 A.L.R.2d 1278, is determinative of the present case.

Since petitioner's affidavit is uncontroverted and uncontradicted, the facts set forth therein are to be taken as true. Wilkinson v. Whitworth, 169 Okl. 286, 36 P.2d 932, and Kansas, Oklahoma & Gulf Ry. Co. v. Horath, 189 Okl. 555, 118 P.2d 660.

In Hayes Freight Lines v. Cheatham, supra [277 P.2d 665], we held:

"The nonresident motorist statute of Oklahoma, 47 O.S.1951 § 391 et seq. imposing a contractual obligation on nonresident motorists who use the highways of this State for the operation of their motor vehicles is in derogation of the common law and affects substantial rights so that the statute cannot be extended by implication but must be strictly construed.

*    *    *    *    *    *

"Where an inferior court is exercising unwarranted jurisdiction in violation of a sovereign policy, the fact that a party litigant therein may have entered a general appearance does not prejudice the right of the state to protect the integrity of the administration of justice. The benefit to the litigant therefrom is but an incident to the exercise of power by the state, which power cannot be impaired by such appearance; and that by Sec. 2, Art. 7, of the Constitution the Supreme Court is given jurisdiction to exercise a general superintending control over all inferior courts, and that such jurisdiction is a separate and distinct grant from its appellate jurisdiction.

"Prohibition is the proper remedy to test validity of service of summons which trial court has upheld over objection of defendant who appeared specially."

We conclude that respondents are attempting to exercise unauthorized jurisdiction over a nonresident of this state, and that remedy by appeal is inadequate and imposes an undue burden on respondents.

Writ granted.

DAVISON, C. J., and WELCH, HALLEY, JOHNSON, JACKSON and BERRY, JJ., concur.

BLACKBIRD and IRWIN, JJ., dissent.