**Max GENET, Jr., Petitioner,**

**v.**

**Boston W. SMITH, Judge of the District Court of Oklahoma County, Oklahoma, Respondent.**

**No. 41205.**

Supreme Court of Oklahoma.

Feb. 16, 1965.

Rehearing Denied March 16, 1965.

Ames, Daugherty, Bynum, Black, Ashabranner & Rogers, by Charles P. Ames, Oklahoma City, for petitioner.

Charles Nesbitt, Atty. Gen., F. Burck Bailey, Asst. Atty. Gen., Oklahoma City, for respondent.

JACKSON, Vice Chief Justice.

This is an application for this court to assume original jurisdiction for the purpose of issuing a writ of prohibition against the respondent, a judge of the District Court of Oklahoma County, preventing him from proceeding further in case number 158,922, in said court.

Case No. 158,922 is an action by the State of Oklahoma ex rel. Charles Nesbitt, Attorney General, against Max Genet, Jr., for the recovery of certain funds allegedly wrongfully paid out by Genet while he was an official of the State of Oklahoma, and a resident thereof, between August 5, 1959, and October 1, 1962. The action was begun on February 11, 1963, and service of summons was had upon Genet in Los Angeles, California, on March 19, 1964, under 12 O.S.Supp.1963 § 187, which provides in pertinent part:

"(a) Any person * * * who is a nonresident of this State and who does any of the acts hereinafter enumerated * * * submits himself * * * to the jurisdiction of the courts of this State as to any cause of action arising from the doings of any of said acts:
* * *

"2. * * * the commission of any act within this State;
* * *

"(b) Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this section, may be made by personally serving the summons upon said person outside of this State with the same force and effect as though summons had been personally served upon him within this State. * * * *"

This section of the statute was enacted by the 1963 Legislature and became effective on September 13, 1963. Session Laws, 1963, page 36.

In the trial Genet filed a Special Appearance, Motion to Quash, and Objection to Jurisdiction, supported by an affidavit which was not controverted, in which he invited the court's attention to the fact that he had moved to California in December, 1962, and that ever since said time he has been a resident of California and a nonresident of Oklahoma. His motion to quash and objection to the jurisdiction were overruled, and he then began this original proceeding for writ of prohibition.

In this court it is suggested, among other things, that service of process under Sec. 187 may not be had upon a defendant who was, at the time of the acts out of which the cause of action arose, a resident of this state. For reasons to be noted hereinafter, this argument must be sustained. In this connection that portion of Sec. 187 (a), supra, concerning "personal representative" is not involved.

Sec. 187 may be said to be the response of the Oklahoma Legislature to the changing concept of what is required to enable state courts to exercise in personam jurisdiction over nonresidents, as reflected in the decisions of the United States Supreme Court. See 17 Okl.L.Rev. 86. In recent years, and particularly since the adoption in 1945 of the decision of the United States Supreme Court in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057, about 14 states have enacted statutes similar to Sec. 187, broadening the base of state court jurisdiction in such cases. The first such statute was enacted in Illinois; see Ill.Rev.Stat. Ch. 110, Sections 16 and 17. The Oklahoma enactment appears to have been patterned closely after the Illinois statute. For other similar statutes, see Wash.Rev.Code, Sec. 4.28, 180, 185; New Mex.Stat.Ann., Sec. 21–3–16 (Supp. 1961); Idaho Code Ann., Sec. 5–514, 515 (Supp.1961); Mont.Rev.Codes Ann., Sec. 93–2707–2 (rule 4) (B) (1963); Kan.Sess. Laws 1963, Ch. 303, Sec. 60–308(b).

However, there is at least one significant difference between the Oklahoma stat-

-ute and those above cited. The comparable statutes of Illinois, Washington, New Mexico, Idaho, Montana and Kansas all by their terms apply to "Any person *whether or not a citizen or resident* of this state, who * * * does any of the acts hereinafter enumerated * * *." Sec. 187 applies only to "Any person * * * *who is a nonresident* of this State and who does any of the acts hereinafter enumerated * * *." In view of the fact that much of the language of the balance of Sec. 187 is substantially the same as that of the Illinois statute upon which it was based, we cannot say that this difference is meaningless.

This court has not had occasion to consider the language last quoted from Sec. 187 before, and since the similar statutes of other states do not contain such language, the decisions from other jurisdictions are not helpful. However, the decisions of this court under our nonresident motorists statute, 47 O.S.1961, § 391, involve the same principle. That section applies by its terms to the use and operation of a motor vehicle in Oklahoma " * * * by a person who is a nonresident of this State * * *." In Clendening v. Fitterer, Okl., 261 P.2d 896, plaintiff Clendening sued defendant Fitterer for damages resulting from an automobile accident which occurred at a time when Fitterer was a resident of this state. Prior to the institution of the action, Fitterer moved to Texas, and service was had upon him under the provisions of the nonresident motorists' statute above cited. Fitterer entered a special appearance and objection to jurisdiction, supported by an uncontroverted affidavit similar to the one filed by Genet in the instant case. The trial court sustained the motion to quash. Upon appeal the judgment of the trial court was sustained, and this court held in effect that the statute relied upon was not applicable in cases where the defendant was, at the time of the acts out of which the cause of action arose, a resident of this state. It appears that this holding is in accordance with the holding of a majority of the courts in jurisdictions having statutes similar to 47 O.S.1961, § 391, supra. See annotation at 53 A.L.R.2d 1188.

In this connection, we note that the substance of Sec. 187 was originally proposed by the Civil Procedure Committee, as Proposal No. 5, to the House of Delegates of the Oklahoma Bar Association in 1962. See 33 OBJ, pages 1380 and 1599. As drafted by the bar committee, the section would have applied to "Any person who does any of the acts hereinafter enumerated * * *." Nevertheless, the final enactment of the legislature included the qualification " * * * who is a nonresident * * *." This change would therefore seem to be intentional and not merely inadvertent.

We therefore hold that 12 O.S. Supp.1963 § 187, concerning out-of-state service of process upon "Any person * * * who is a nonresident of this State and who does any of the acts hereinafter enumerated * * *" is not applicable in cases where the person sought to be served was, at the time of the acts out of which the cause arose, a resident of this state.

It follows that Genet's Special Appearance, Motion to Quash and Objection to Jurisdiction should have been sustained.

Prohibition is the proper remedy to test validity of service of summons which trial court has upheld over objection of defendant who appeared specially. Hayes Freight Lines v. Cheatham, Okl., 277 P.2d 664, 48 A.L.R.2d 1278.

The application for writ of prohibition is granted.

HALLEY, C. J., and DAVISON, WILLIAMS, IRWIN and BERRY, JJ., concur.

JOHNSON and BLACKBIRD, JJ., dissent.